GEORGE W. STANSFIELD v. W. F. KUNZ.

No. 11,914. (64 Pac. 614.)

1. INTOXICATING LIQUORS—*Illegal Contract.* An executory contract to sell intoxicating liquors by a druggist holding a permit to a person who does not hold a druggist's permit is illegal, and the purchaser may rescind the contract at any time before it is finally executed.

2. ——— *Rescission of Contract—Recovery of Payment.* One who does not hold a druggist's permit to sell intoxicating liquors, and who enters into an agreement to purchase a stock of drugs containing intoxicating liquors, advancing a part of the purchase-price, is not *in pari delicto*, but may, before the sale is finally

consummated, rescind such contract and recover the money so advanced.

3. ———— *Damages for Breach not Recoverable.* One cannot recover damages or loss based on an executory contract which, as to himself, is illegal, because of the default or rescission of the other party.

Error from Shawnee district court.; Z. T. HAZEN, judge. Opinion filed April 6, 1901. *In banc.* Affirmed.

### STATEMENT.

THE plaintiff in error was the owner of a drug-store in Topeka, Kan. The defendant in error had been engaged in the drug business at Muscotah, Kan., with one R. J. McQueen, under the firm name of Mc-Queen & Kunz, and this firm held a permit to sell intoxicating liquors, issued to R. J. McQueen and W. F. Kunz. Prior to the contract hereinafter stated, Kunz quit McQueen and his business at Muscotah and came to Topeka, and entered into a written agreement with the plaintiff in error to purchase his entire stock of drugs, fixtures, etc., in Topeka, then owned by plaintiff in error, for which he agreed to pay the cost price at the time of taking the invoice, with four per cent. added for freight and drayage. This contract of purchase was for Kunz and not for McQueen & Kunz. It was the intention of the purchaser to occupy the same building that Stansfield then occupied. The invoice was to be taken about July 1, 1899. Upon this agreement of purchase, the defendant in error paid to Stansfield $1000.

At the time of making this contract, May 1, and at the time the invoice was taken, there were in said drug stock, and included in the sale and purchase, intoxicating liquors of the value of $300. Kunz knew this at the time he entered into the written agreement

to purchase the stock. Afterward, and before the contract of purchase was completed, Kunz rescinded the contract and brought his action against the plaintiff in error in the district court of Shawnee county to recover damages, alleging that the plaintiff in error had induced him to enter into said contract of purchase by certain false and fraudulent statements and representations, and also to recover the sum of $1000, which he had paid on the contract, on the ground that said contract was illegal, in that it included the sale of intoxicating liquors.

The defendant below, plaintiff in error, filed his answer and cross-petition, in which he prayed judgment against the defendant in error for the sum of $3000 damages, which he claimed he had sustained by reason of the refusal of the defendant in error to carry out his agreement to pay for said stock of drugs.

A trial was had to a jury, and, as to that part of the plaintiff's petition which alleged that the contract of sale had been induced and procured by fraud on the part of the plaintiff in error, the court instructed that there had been no fraud proved in the case, and that so much of the plaintiff's petition as alleged fraud on the part of the defendant should be disregarded. The jury found for plaintiff below, and the court rendered judgment.

*Geo. E. Stoker*, for plaintiff in error.
*Garver & Larimer*, for defendant in error.

The opinion of the court was delivered by

GREENE, J.: The evidence supports the finding of the jury, that the sale of the stock was an entirety. It was not the intention of Stansfield to sell, or Kunz to purchase, a part of this stock of goods. It was

their intention that the entire stock should pass by the sale. Under the law of this state, no person has a right to sell or contract for the sale of intoxicating liquors unless he has a druggist's permit for that purpose, and then only to sell for mechanical, medical and scientific purposes, or to some other druggist who also has a right to sell by reason of having a druggist's permit. Every contract for the sale of intoxicating liquors by a person who has not a druggist's permit, and every sale which is made for other than mechanical, medical and scientific purposes, unless it be to a druggist having a permit, is illegal. (See *Korman v. Henry*, 32 Kan. 49, 3 Pac. 764; *Gerlach v. Skinner*, 34 id. 86, 8 Pac. 257; *National Bank v. Gerson*, 50 id. 582, 32 Pac. 905.)

The plaintiff in error in this case had a druggist's permit. This gave him the privilege of selling intoxicating liquors for mechanical, medical and scientific purposes; it also gave him the right to sell intoxicating liquors in quantities not less than one gallon to any druggist within the state holding a permit as provided by law. Kunz did not hold a druggist's permit, and therefore the plaintiff in error could not sell to Kunz. The inhibition of law is not upon the purchaser but upon the seller, and had this agreement to sell been consummated, plaintiff in error would have been guilty of a misdemeanor. Such contracts are illegal. If it had been fully consummated the court would not have relieved either party. Its illegality consists in plaintiff in error's contracting to sell to a person to whom the law forbids a sale, and not in the purchaser's contracting to purchase, because the law does not forbid his doing so. The parties are therefore not in equal fault. The duty imposed by the law was placed upon the plaintiff in error and not upon

the defendant in error. (*Mason v. McLeod*, 57 Kan. 110, 45 Pac. 76.) A party to an executory illegal contract who is not *in pari delicto* may not only rescind, but may, if he has advanced money on such executory contract, recover the same. (*Mason v. McLeod*, supra; *Hooker et al. v. De Palos et al.*, 28 Ohio St. 262; 2 Pars. Cont. 746; *Skinner v. Henderson*, 10 Mo. 205; *Bernard v. Taylor*, 23 Ore. 416, 31 Pac. 968, 18 L. R. A. 859.)

The plaintiff in error, on the trial, offered to prove that he had placed this drug-store in the hands of an agency to sell; that this agency was instrumental in bringing about the sale to Kunz; that afterward an action was brought against him for a commission, and that he was put to expense in defending the same. The court excluded this evidence, on the ground that it was too remote. In this we think there was no error.

Another answer to this contention is that plaintiff in error could prove this fact only through his own illegal contract, and there is no precedent to be found showing that one may recover damages through the establishing of a contract illegal as to himself.

The judgment of the court below is affirmed.