Points Decided.

(December 29, 1913.)

## JOHN I. McDUFFEE, Respondent, v. HAYDEN-COEUR D'ALENE IRRIGATION CO. and RAY M. HART, Appellants.

[138 Pac. 503.]

ELECTION OF REMEDIES—VOID CONTRACT—RESCISSION OF CONTRACT—RECOVERY OF SUM PAID UNDER VOID CONTRACT—IRRIGATION COMPANY—FAILURE TO FILE CERTIFICATE REQUIRED BY LAW.

1. If a party pleads two causes of action which his adversary considers inconsistent, the question of election of remedies must be raised in the trial court, and cannot be raised for the first time on appeal.

2. Under the provisions of sec. 2844 of the Rev. Codes and of sec. 5, House Bill No. 276, approved March 13, 1909, it is declared unlawful for any irrigation company to make any deed or contract conveying or pretending to convey any water rights under any irrigation works prior to filing the certificate of the state board of land commissioners showing the number of water rights, units or shares of water which may be sold under such works and the number of acres which may be irrigated therefrom, and the form of contract or deed which such company shall give to the purchasers of water rights, and all deeds and contracts or instruments executed in violation of this statute are declared to be "absolutely null and void."

3. The general rule of law, which denies relief to either party where both parties have been guilty of wrong or violation of the law in the transaction or in entering into a pretended contract, is not applicable to a party who deals in good faith with a corporation that has failed to comply with the law in filing certificates as to the condition of its business, and for failure to do which the law declares all contracts made by the corporation while in default to be null and void. The fact that the statute declares the contracts of such noncomplying corporation void will not prevent an innocent party contracting with such corporation from recovering the money paid on such void contract.

4. Where a statute imposes a penalty upon one party for entering into or attempting to enter into a certain contract on account of having failed to perform some precedent act, the law will not place a penalty upon the other party and will not consider the parties as both guilty of wrong and neither entitled to recover.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County.   Hon. Robert N. Dunn, Judge.

Action for damages.   Judgment for plaintiff.   Defendants appeal.   *Affirmed.*

J. P. Gray and F. M. McCarthy, for Appellants.

If, as the plaintiff maintains, the contracts are void, then no recovery can be had by him in this action, for no rights can be founded upon a void contract, and such contract can give rise to no legal rights.   (*Calor Oil & Gas Co. v. Franzell,* 128 Ky. 715, 109 S. W. 328; *Moorhouse v. Kunkalman,* 177 Ind. 471, 96 N. E. 600.)

If this contract is void, then the courts will not give any relief whatever to either party to such contract, and any moneys paid thereunder cannot be recovered.   (*Willcox v. Edwards,* 162 Cal. 455, Ann. Cas. 1913C, 1392, 123 Pac. 276; *Matthews v. Ormerd,* 140 Cal. 578, 74 Pac. 136.)

The law will not aid either party to an illegal or void agreement; it leaves the parties where it finds them.   (*Hill v. Freeman,* 73 Ala. 200, 49 Am. Rep. 48; *Kerr v. Birnie,* 25 Ark. 225; *Los Angeles v. City Bank,* 100 Cal. 18, 34 Pac. 510; *Branham v. Stallings,* 21 Colo. 211, 52 Am. St. 213, 40 Pac. 396; *Funk v. Gallivan,* 49 Conn. 124, 44 Am. Rep. 210; *Garrison v. Burns,* 98 Ga. 762, 26 S. E. 471; *Crichfield v. Bermudez Asphalt Paving Co.,* 174 Ill. 466, 51 N. E. 552, 42 L. R. A. 347; *Winchester Electric Light Co. v. Veal,* 145 Ind. 506, 41 N. E. 334, 44 N. E. 353; *McIntosh v. Wilson,* 81 Iowa, 339, 46 N. W. 1003; *Stansfield v. Kunz,* 62 Kan. 797, 64 Pac. 614; *Ratcliffe v. Smith,* 13 Bush (Ky.), 172; *Delhomme v. Duson,* 28 La. Ann. 646; *Morrill v. Goodenow,* 65 Me. 178; *Roman v. Mali,* 42 Md. 513; *Snell v. Dwight,* 120 Mass. 9; *Niagara Falls Brewing Co. v. Wall,* 98 Mich. 158, 57 N. W. 99; *Leveroos v. Reis,* 52 Minn. 259, 53 N. W. 1155; *McWilliams v. Phillips,* 51 Miss. 196; *Haynes v. Rudd,* 102 N. Y. 372, 55 Am. Rep. 815, 7 N. E. 287; *Dent v. Ferguson,* 132 U. S. 50, 10 Sup. Ct. 13, 33 L. ed. 242.)

Money paid under a void agreement which is executed, whether as to consideration or in performance of the promise, cannot be recovered back, especially so where the parties are in *pari delicto*. (*Neustadt v. Hall*, 58 Ill. 172; *Liness v. Hesing*, 44 Ill. 113, 92 Am. Dec. 153; *Atwood v. Fisk*, 101 Mass. 363, 100 Am. Dec. 124; *Waite v. Merrill*, 4 Greenl. (Me.) 102, 16 Am. Dec. 238; *Boutelle v. Melendy*, 19 N. H. 196, 49 Am. Dec. 152; *Edwards v. Randle*, 63 Ark. 318, 58 Am. St. 108, 38 S. W. 343, 36 L. R. A. 174.)

The plaintiff is bound by his choice of remedies, and unless he has sustained the allegations of fraud, he is not entitled to recover anything. (*Breshears v. Callender*, 23 Ida. 348, 131 Pac. 15; *Keene Five Cents Sav. Bank v. Archer*, 109 Iowa, 419, 80 N. W. 505; *Bank of Santa Fe v. Board of Commrs.*, 61 Kan. 785, 60 Pac. 1062; *Bacon & Co. v. Moody*, 117 Ga. 207, 43 S. E. 482; *Wheeler v. Dunn*, 13 Colo. 428, 22 Pac. 827; *Connell v. El Paso Gold Min. & Mill. Co.*, 33 Colo. 30, 78 Pac. 677; *Lowenstein v. Glass*, 48 La. Ann. 1422, 20 So. 890; *Main v. Procknow*, 131 Wis. 279, 111 N. W. 508; *Conrow v. Little*, 115 N. Y. 387, 22 N. E. 346, 5 L. R. A. 693; *Sonnesyn v. Akin*, 14 N. D. 248, 104 N. W. 1026.)

A. H. Kenyon and J. B. Hogan, for Respondent.

If the evidence supports the judgment, the appellate court will not stop to determine the merits of the contention that the complaint does not state facts sufficient to constitute a cause of action, where the defendant, after demurrer overruled, answers the complaint and goes to trial. If the defendants were misled by the pleadings, it was their duty to apply to the trial court for relief during the trial. (*Crowley v. Croesus Gold & Copper Min. Co.*, 12 Ida. 530, 86 Pac. 536; *Maw v. Coast Lumber Co.*, 19 Ida. 396, 114 Pac. 9; *Rauh v. Oliver*, 10 Ida. 3, 77 Pac. 20.)

Where the parties to an illegal contract are not *in pari delicto*, or equally guilty, then the more excusable of the two may sue for relief against the transaction. There is one test by which it may be determined whether the parties are *in*

*pari delicto* or not.  The test is: If the statute imposes a penalty upon one of the parties alone, then the law will not consider them *in pari delicto*.  (9 Cyc. 552; *Manchester & Lawrence R. R. Co. v. Concord R. R. Co.,* 66 N. H. 100, 49 Am. St. 582, 20 Atl. 383, 9 L. R. A. 689; *Tracy v. Talmage,* 14 N. Y. 162, 67 Am. Dec. 132; *Stansfield v. Kunz,* 62 Kan. 797, 64 Pac. 614; *Hanover Nat. Bank v. Burlingame First Nat. Bank,* 109 Fed. 421, 48 C. C. A. 482; *Milford v. Worcester,* 7 Mass. 48; *Bond v. Montgomery,* 56 Ark. 563, 35 Am. St. 119, 20 S. W. 525.  See note, 17 L. R. A. 113; *Becker v. Wilcox,* 81 Neb. 476, 129 Am. St. 690, 116 N. W. 160, 16 L. R. A., N. S., 571, and note.)

Relief will be granted where the law which makes the contract unlawful was intended for the protection of the party seeking relief.  (*Latham Mercantile & Commercial Co. v. Harrod,* 71 Kan. 565, 81 Pac. 214; *Cashin v. Pliter,* 168 Mich. 386, Ann. Cas. 1913C, 697, 134 N. W. 482; *Mason v. McLeod,* 57 Kan. 105, 57 Am. St. 327, 45 Pac. 76, 41 L. R. A. 548; *White v. Pres. etc. of Franklin Bank,* 22 Pick. (Mass.) 181.)

Where the contract, though illegal, remains executory, the party who has paid money on account of it may repudiate the agreement and reclaim the money.  (9 Cyc. 554; *Stacy v. Foss,* 19 Me. 335, 36 Am. Dec. 755; *Bernard v. Taylor,* 23 Or. 416, 37 Am. St. 693, 31 Pac. 968, 18 L. R. A. 859; *Lewis v. Bruton,* 74 Ala. 317, 49 Am. Rep. 816; *Kiewert v. Rindskopf,* 46 Wis. 481, 32 Am. Rep. 731, 1 N. W. 163; *Ware v. Spinney,* 76 Kan. 289, 91 Pac. 787, 13 Ann. Cas. 1181, 13 L. R. A., N. S., 267, and case notes.)

AILSHIE, C. J.—About the 14th of August, 1909, the respondent herein, John I. McDuffee, entered into a contract and agreement with the appellant Hayden-Coeur d'Alene Irrigation Co. for the purchase of certain tracts of land situated in Kootenai county, Idaho, and to be irrigated from the water of Hayden Lake.  He made a cash payment of about $1,000, and the contract provided for the payment of a balance in instalments and that the company would maintain

and operate the irrigation system for which McDuffee agreed to pay a stipulated annual fee for maintenance.

This action was instituted in the year 1912 by McDuffee against the irrigation company to recover damages equivalent to the amount paid on the contract and amount of money paid out and expended by him on the land. The cause of action seems to have been predicated upon two grounds: First, that the tracts of land purchased did not contain the acreage that the company represented they contained at the time of the sale, and that the company was guilty of knowingly making "false and untrue" statements and representations as to the acreage of the several tracts, and that, in truth and in fact, the tracts purchased did not contain as great an area as the vendor had represented them to contain. The other charge made against the irrigation company is that the company had not at the time of entering into this contract and never since has complied with the provisions of the act of the legislature of March 13, 1909, being House Bill No. 276, entitled, "An act providing for the regulation and control of the sale of water rights and for the filing with the state engineer and with the state board of land commissioners of plans, maps and specifications," etc. (1909 Sess. Laws, p. 335.)

It is alleged by the complaint that the company failed to comply, and never has complied, with the provisions and requirements of this act by filing in the office of the recorder of the county in which the land was situated the statement required by law, and has never procured the certificate of the land board showing the number of water rights, units or shares of water which may be sold in the irrigation works or system of the company, and that no such certificate has ever been recorded in Kootenai county, and generally alleged that the company had failed to comply with the provisions of House Bill No. 276, being the act of March 3, 1909, and the requirements of sec. 2844 of the Rev. Codes.

The case went to trial, and the court found against the plaintiff, respondent here, on the first issue, that is, the court found that defendant did not make any false or untrue state-

Dec. 1913.]   McDuffee v. Hayden etc. Irr. Co.      375

Opinion of the Court—Ailshie, C. J.

ments to the plaintiff with reference to the acreage and area
of the several tracts of land covered by the contract. On the
second issue, the court held with the plaintiff and made find-
ings to the effect that the Hayden-Coeur d'Alene Irrigation Co.
has never at any time "filed in the office of the recorder of
the county of Kootenai, state of Idaho, the statement required
by sec. 2844 of the Rev. Codes of the state of Idaho, nor has
the state board of land commissioners ever determined the
number of water rights, units or shares of water which may
be sold by the defendant Hayden-Coeur d'Alene Irrigation
Company, a corporation, in its irrigation works and irrigation
system, and the number of acres which may be irrigated there-
from, nor the form of contract and deed which may be issued
to the purchasers thereof, nor has the state board of land
commissioners ever issued to the defendant Hayden-Coeur
d'Alene Irrigation Company any certificate signed by the
chairman of the state board of land commissioners or attested
by the register, certifying or showing the number of water
rights, units or shares of water which might be sold in the
irrigation works or system of the defendant company as con-
structed, maintained and operated on the 14th day of August,
1909, nor at any other time, or showing the number of acres
which could then be irrigated therefrom, or the form of con-
tract or deed which should be given to the purchaser of water
rights in or under such irrigation system; nor has the Hay-
den-Coeur d'Alene Irrigation Company, a corporation, ever
recorded any such certificate or any duly certified copy, or
any copy thereof, in the office of the county recorder of
Kootenai county, state of Idaho, the county in which the lands
described in plaintiff's complaint and in said contracts, are
situated."

From these findings, the court concluded that the plaintiff
was entitled to judgment for damages equal to the amount
which he had paid the company on this contract, and also
the money that he had paid out and expended on the land
since the execution of the contract.

It has been argued with considerable force and with some
show of reason that plaintiff's alleged causes of action are

inconsistent and that he could not predicate his action on the ground of false and fraudulent representations, and then have relief on the ground of failure of the corporation to comply with the law in procuring certificates and filing the same with the proper officers. It is therefore contended by· appellant that he should have been required to elect between these two remedies. We are relieved of the necessity of considering or discussing this question, for the reason that it does not appear to have been raised in the lower court or in any way to have been suggested to the trial court. Such a question cannot be raised for the first time in this court. We therefore pass to the consideration of the question of the company's failure to comply with the statute. It is admitted that the company did not comply with the statute, either sec. 2844, Rev. Codes, or House Bill 276, approved March 13, 1909. Section 5 of the act of March 13, 1909, provides, *inter alia,* "Any pretended deed, contract or other instrument conveying or pretending to convey water rights in such irrigation works prior to the filing of such certificate in the county recorder's office .... shall be absolutely null and void, and the owner of such irrigation works, or those claiming to be the owner thereof, and the officers, and agents .... of any such owner or claimant, who shall make or attempt to make any deed, contract or agreement relative to the sale of water rights in such irrigation works, or for the furnishing of water therefrom, prior to the filing of such certificate .... or who shall violate any of the provisions of sec. 4 hereof, shall be jointly, severally and personally liable upon and for all such contracts and agreements and for any and all damages .... and in addition thereto, every such owner, claimant, agent or representative shall be guilty of a misdemeanor punishable by a fine," etc. Sec. 2844 contains a similar provision making it a misdemeanor to fail to comply with the provisions thereof. It needs no further citation of authority, therefore, to show that this contract was "null and void." The statute places no penalty, however, upon the party who enters into a contract with such a noncomplying corporation. It would be an act of the greatest injustice to hold that a person contracting

with such a corporation who failed to acquire title to the property could not recover the money paid under such a void contract.

The contention that these parties are *in pari delicto* and that neither can therefore recover is not well taken. No penalty is imposed upon the party contracting with such a corporation. If a statute imposes a penalty upon one party for entering into or attempting to enter into a certain contract on account of having failed to perform some precedent act, the law will not place a penalty upon the other party and will not consider the parties as both guilty of wrong, and neither entitled to recover. (9 Cyc. 552; *Bond v. Montgomery,* 56 Ark. 563, 35 Am. St. 119, 20 S. W. 525; *Manchester etc. R. Co. v. Concord R. R. Co.,* 66 N. H. 100, 49 Am. St. 582, 20 Atl. 383, 9 L. R. A. 689; *Tracy v. Talmage,* 14 N. Y. 162, 67 Am. Dec. 132; *Stansfield v. Kunz,* 62 Kan. 797, 64 Pac. 614.)

The general principle of law is very well settled that where an innocent party enters into an executory contract with a company or corporation that has not complied with the law and which is in such a case forbidden to contract, he may thereafter repudiate the agreement and contract and reclaim the money paid under such contract. (*Kiewert v. Rindskopf,* 46 Wis. 481, 32 Am. Rep. 731, 1 N. W. 163; *Ware v. Spinney,* 76 Kan. 289, 91 Pac. 787, 13 Ann. Cas. 1181, 13 L. R. A., N. S., 267.)

It was suggested on the oral argument that none of the irrigation companies of the state are observing the requirements of this statute, act of March 13, 1909, but the fact that other companies are not complying with the law cannot excuse appellant.

Lastly, it was argued that the respondent was in possession of this property for some two or three years and had returns from it, and that he ought not to have been allowed to recover on that account. We have no doubt but that any receipts or returns from the property realized by respondent might have been charged up against him as an offset or counterclaim, and that he could have been properly charged with the reasonable

value of the possession of this property. No offset or counterclaim has been presented, and so we are not confronted with that question in this case.

The judgment should be affirmed, and it is so ordered. Costs awarded to respondent.

Sullivan, J., and Stewart, J., concur.

Petition for rehearing denied.