[Civ. No. 1444.  First Appellate District.—January 13, 1915.]

## MARY J. CLARK et al., Respondents, v. K. S. KOESHE-YAN, Sometimes Known as K. S. Cashin, Appellant.

LANDLORD AND TENANT—EVICTION—ACTION FOR DAMAGES—MOTION FOR NEW TRIAL—MOTION TO DISMISS—SERVICE OF NOTICE OF INTENTION—INSUFFICIENT NOTICE OF ENTRY OF JUDGMENT.—In this action for damages by a tenant against her landlord for an alleged eviction from the leased premises it is held that, as it does not necessarily appear from the record that the defendant had such notice of entry of judgment as would satisfy the statute, the appellate court should hear the appeal from the order denying a motion for a new trial, to which plaintiff objected on the ground that the notice of intention was not given in time.

ID.—EVICTION—CUTTING OFF WATER SUPPLY—EXCLUDING LIGHT AND AIR FROM LEASED PREMISES.—In such a case the cutting off of the water connections with the leased premises and the boarding up and obstruction of a certain porch and of certain windows in the rear of the premises by which the leased premises received necessary light and air over other lands of the defendant, which the jury found rendered the premises untenantable for use as a store or place of abode, and compelled the plaintiff to vacate the premises, constituted an eviction by the landlord for which the tenant was entitled to recover damages.

ID.—WATER AND LIGHT—RIGHTS OF TENANT.—The fact that the water pipes and the water service were in place and in use in connection with the premises at the time of the lease made them an appurtenant to the premises, to the continued use of which plaintiff was beneficially entitled during her term without charge or cost to her in the absence of a provision to the contrary in the lease; and the defendant's interference with the plaintiff's right to receive light and air in the rear of the premises were in violation of her contractual rights as the lessee of the premises such as would suffice to work an eviction.

ID.—MOTION FOR NONSUIT—REOPENING CASE—PROOF OF VALUE OF BUSINESS.—In such a case there was no error in reopening the case after motion for nonsuit, and in permitting the plaintiff to prove the value of a grocery business lost by reason of her eviction.

ID.—EVIDENCE—VALUE OF BUSINESS.—In such a case the court did not err in permitting the plaintiff to testify as to the value of her business, based upon its average daily profits, where plaintiff owned, conducted, and attended to the business herself, and personally kept all such accounts of its purchases and sales as were kept, and she testified to the matter of her daily profits therefrom from her own knowledge and not merely as a matter of guess or opinion,

26 Cal. App.—20

such evidence being perfectly competent to show her damage suffered in the destruction of her business as a result of her eviction.

ID.—PARTIES—HUSBAND AND WIFE—SEPARATE PROPERTY OF WIFE.—In such a case the objection that the business conducted by one of the plaintiffs upon the property which she had individually leased was community property, for the loss of which she was not entitled to recover, has no merit, where the whole trend of the evidence goes to show that said plaintiff was acting throughout in the capacity of one dealing with her own separate property, and there was not only no showing that the husband had any community interest in the grocery business, but the strong inference arises that it was the separate property of the wife, and it further appearing that the husband was made a party plaintiff with her and the judgment was in favor of both. All that the defendant would be entitled to would be protection against another action by the husband in relation to the property; and the joining of the husband in the action and in the judgment gives the defendant that protection.

APPEAL from an order of the Superior Court of Fresno County denying a new trial. George E. Church, Judge.

The facts are stated in the opinion of the court.

W. D. Crichton, and C. K. Bonestell, for Appellant.

S. L. Strother, and G. L. Aynesworth, for Respondents.

THE COURT.—This is an appeal from an order denying a motion for a new trial in an action for damages for eviction from certain premises in Fresno. The verdict in favor of the plaintiffs was rendered February 27, 1913, and judgment was rendered and entered on the same day. On March 4, 1913, the defendant applied to the court for, and was granted, a stay of execution. On March 8 defendant served a notice of motion to strike out the plaintiffs' cost-bill "upon the papers, pleadings and records in the cause." This motion was heard in open court and decided on March 17, 1913. On March 28, 1913, defendant gave notice of intention to move for a new trial. Plaintiff moved to dismiss said motion and at all times objected and now objects to the hearing of the same by the trial court or upon this appeal upon the ground that the notice of intention was not given in time, relying upon *Gardner* v. *Stare*, 135 Cal. 118, [67 Pac. 5], and cases cited. We think it does not necessarily appear from this record that the defendant had such notice of the entry of

the judgment as would satisfy the statute. This being so, we are disposed to hear and determine the case upon its merits.

The plaintiff, Mary J. Clark, joining her husband, sued for damages for eviction from certain premises leased to her by the defendant. The acts of eviction of which she complained were: 1. The cutting off of the water connections with the premises by the defendant; and, 2. The boarding up and obstruction of a certain porch and of certain windows in the rear of the premises by which the leased premises received necessary light and air over other lands of the defendant. These two acts of the defendant the plaintiff claimed and the jury found rendered the premises untenantable for use as a store or place of abode, and compelled the plaintiff to vacate the premises, thus causing an eviction. The plaintiff, Mary J. Clark, is shown to have been a married woman, but entered into this lease in her own name, and conducted the business of a store on the premises apparently as her own business.

The appellant contends that the facts above relied upon by the plaintiff were not sufficient to constitute an eviction, but with this contention we cannot agree. As to the water, we think that the fact that the water-pipes and the water service were in place and in use in connection with the premises at the time of the lease made them an appurtenant to the premises, to the continued use of which the plaintiff was beneficially entitled during her term without charge or cost to her in the absence of a provision to the contrary in the lease. (1 Underhill's Taylor on Landlord and Tenant, p. 427, sec. 284; *Bradbury* v. *Higginson,* 162 Cal. 602, 606, [123 Pac. 797]; *Gans* v. *Hughes,* 14 N. Y. Supp. 930; Civ. Code, sec. 662.) We think, also, that the defendant's interferences with the plaintiff's right to receive light and air into the rear of the premises were in violation of her contractual rights as a lessee of the premises such as would suffice to work an eviction. The cases cited by the appellant to the effect that the owner of lands is not entitled to the easements of light and air from his surrounding owners, have no application to the case of landlord and tenant; and there can be no doubt that such an interference with a tenant's light and air as materially detracts from the habitable quality and uses of the leased premises, is a breach of the covenant of the lease which may amount to an eviction (*McDowell* v. *Hyman,* 117 Cal. 67, 71, [48 Pac. 984]).

The appellant's further contention is that the court erred in reopening the case after motion for nonsuit, and in permitting the plaintiff to prove the value of the grocery business lost by reason of her eviction. As to the right of the court upon motion for nonsuit to permit the plaintiff to strengthen her case in the respects in which the motion for nonsuit shows it to be defective, there can be no question, for that is the very purpose of the motion. Nor do we think that the court erred in permitting the plaintiff to give the testimony that she did give as to the value of her business, based upon its average daily profits. The plaintiff owned, conducted, and attended to the business herself, and personally kept all such accounts of its purchases and sales as were kept; and she testified to the matter of her daily profits therefrom from her own knowledge, and not merely as a matter of guess or opinion. This was perfectly competent evidence to show her damage suffered in the destruction of her business as the result of her eviction.

The objection that the business conducted by the plaintiff Mary J. Clark upon property she had individually leased was community property, for the loss of which she was not entitled to recover, has no merit. The whole trend of the evidence goes to show that the plaintiff Mary J. Clark was acting throughout in the capacity of one dealing with her own separate property; and there is not only no showing that the husband had any community interest in the grocery business, but the strong inference arises that it was the separate property of the wife. It further appears that the husband is made a party plaintiff with her, and that the judgment is in favor of both. All that the defendant would be entitled to would be protection against another action by the husband in relation to this property; and the joining of the husband in the action and in the judgment gives the defendant that protection.

The order denying a new trial is affirmed.