## DELASKI v. KOVACICH ET AL.

[No. 9,854.   Filed May 14, 1919.]

1. APPEAL.—*Review.*—*Verdict.*—*Conclusiveness.*—A finding of the jury based on conflicting evidence is conclusive on appeal. p. 203.

2. HUSBAND AND WIFE.—*Action for Service by Wife.*—*Joining Husband as Party.*—Section 255 Burns 1914, §254 R. S. 1881, providing that a married woman may sue alone when the action covers her personal property, is permissive, and does not prohibit the husband joining with her in the prosecution of an action to recover compensation for her services rendered on her sole and separate account. p. 204.

From Lake Circuit Court; *Virgil S. Reiter,* Judge.

Action by Peter Kovacich and another against Louis Delaski. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*McMahan & Conroy,* for appellants.
*Merritt D. Metz,* for appellees.

McMAHAN, J.—Action by appellees, Peter Kovacich and his wife, Helen Kovacich, against the appellant for compensation for the care and support of Louise Delaski, an eight year old child of the appellant.

The appellees in their complaint allege that appellant expressly agreed to pay them for the care and support of said child, and that he has failed and refused to do so. The issues were closed by a general denial. Trial by jury, verdict and judgment for appellees. Appellant filed a motion for a new trial, which was overruled.

The appellant contends that the verdict is contrary to law. There was a sharp conflict in the evidence as to whether there was an agreement on the part 1. of appellant to pay for the care of said child,

but that was a question for the jury, and they, by their verdict, found that there was, and that finding is binding on us.

The evidence shows that the appellant is the step-father of the appellee Helen. Appellant's wife, who was the mother of Helen and Louise, died in July, 1911, leaving four children, the fruit of her marriage to appellant, to wit: Louise, aged about four, another girl, aged about twelve, and two boys, aged six and fifteen. The appellees were married and living in Hegewish, Illinois.

On the day appellant's wife was buried, appellant had a talk with appellee Helen in the presence of her husband about the care of the children, in which appellant told Helen to take Louise, and he would pay her, to which Helen agreed. Appellant and appellee Peter had no talk or conversation relating to the care or pay for keeping the child. The conversation was between appellee Helen and the appellant in the presence of appellee Peter. Following this conversation the appellees took the child home with them, and boarded and clothed her for a period of nearly five years, and have received no compensation for such service.

The appellant insists that the agreement proved was an agreement between appellant and appellee Helen, and that there is therefore a variance between the pleadings and the proof; that proof of an agreement to pay one of the appellees will not support a verdict in favor of both of them.

Section 255 Burns 1914, §254 R. S. 1881, provides that a married woman *may* sue alone when the action concerns her personal property. Section 7867 Burns 1914, §5130 R. S. 1881, provides that a married woman may carry on any trade

or business and perform any labor or service on her sole and separate account, and the earnings and profits of any married woman accruing from her trade, business, service, or labor other than for her husband or family shall be her sole and separate property.

If the services and labor which appellee Helen performed for the appellant were rendered on her sole and separate account, the earnings became her sole and separate property, and she might have maintained an action in her own name therefor under said §255.

The language of the statute is permissive, and does not prohibit the husband joining with her in the prosecution of an action to recover compensation for her services. As said by the Supreme Court in *Martindale* v. *Tibbetts* (1861), 16 Ind. 200: "This statute we regard as rendering it optional to bring the suit in the name of the wife alone, or that of the husband and wife, when the action concerns her separate property." See, also, *Ohio, etc., R. Co.* v. *Cosby* (1886), 107 Ind. 32, 7 N. E. 373; *Roller* v. *Blair* (1884), 96 Ind. 203; *City of New Albany* v. *Lines* (1899), 21 Ind. App. 380, 51 N. E. 346.

There was no error in overruling the motion for a new trial. Judgment affirmed.