(No. 4715.   November 3, 1927.)

EVERETT W. ROWLAND, Respondent, v. DEMMING EXPLORATION COMPANY, Trustees, a Common-law Trust, Appellant.

[260 Pac. 1032.]

CORPORATIONS—BOARD OF DIRECTORS—SERVICES PERFORMED AT REQUEST OF—REASONABLE VALUE FOR RECOVERY—NO COMPENSATION FOR DUTIES OF DIRECTOR—EVIDENCE—ADMISSIBILITY OF.

1. A director of a corporation, who performs services for corporation at request of board of directors, is entitled to recover on an implied promise to pay all the services are reasonably worth, in case amount was not fixed by resolution of board.

2. Director of corporation, rendering services in line with duties of director, such as attending meetings and giving advice and counsel in protection of business interests of corporation, is entitled to no compensation therefor unless fixed by board of directors.

3. In action to recover for value of services rendered by director of corporation as assistant manager, letters from directors of corporation and trustees of corporation which had taken over

the corporation for which services were rendered, which recognized fact of indebtedness for services rendered and obligation to pay for the same, *held* admissible.

4. Where complaint, in action to recover money due for services rendered, sufficiently pleaded *indebitatus assumpsit* for work and labor done, though declaring on an account stated, and defendant answered specifically everything in the complaint, evidence as to services rendered was properly admitted.

APPEAL from the District Court of the Third Judicial District, for Owyhee County. Hon. Clinton H. Hartson, Judge.

Action to recover money due for services rendered. Judgment for plaintiff. *Affirmed.*

F. A. Hagelin and D. L. Rhodes, for Appellant.

A corporation organized for profit must keep a record of all its business transactions; and a majority of the board of directors must be present and participate in the acts done. (C. S., secs. 4711, 4758.)

A corporation may only act through its duly appointed, qualified and acting officers when assembled in a meeting. (*Johnson v. Sage*, 4 Ida. 758, 44 Pac. 641; *Cheney v. Canfield*, 158 Cal. 342, 111 Pac. 92, 32 L. R. A., N. S., 16; 14a C. J. 84; *Lockwitz v. Pine Tree Mining & Mill Co.*, 37 Utah, 349, 108 Pac. 1128.)

An account stated is a document in writing, which exhibits the state of account between two parties; and when assented to either expressly or impliedly forms a new contract, and the item included in the settlement cannot be shown unless

Publisher's Note.

1. Right of corporation officer to compensation for services rendered in absence of express contract, see notes in 136 **Am. St.** 909; 3 Ann. Cas. 734; Ann. Cas. 1915A, 454; **L. R. A.** 1917F, 310. See, also, 7 **R. C. L.**, Corporations, secs. 445–450.

See Corporations, 14a **C. J.**, sec. 1906, p. 136, n. 64, p. 137, n. 66. Evidence, 22 **C. J.**, sec. 340, p. 303, n. 89. Pleading, 31 **Cyc.**, p. 682, n. 78.

there is proof of fraud, mistake, etc.   (*Coffee v. Williams,* 103 Cal. 550, 37 Pac. 504; *Davidson Grocery Co. v. Johnston,* 24 Ida. 336, Ann. Cas. 1915C, 1129, 133 Pac. 929; *Naylor & Norlin v. Lewiston & S. E. Elec. Ry. Co.,* 14 Ida. 789, 96 Pac. 573; *Chittenden & Eastman Co. v. Leader Furn. Co.,* 23 Ariz. 93, 201 Pac. 843.)

In an account stated the plaintiff must recover, if at all, on the agreement constituting the statement of the account and not on the original account.   (1 C. J. 726; *O'Hanlon Co. v. Jess,* 58 Mont. 415, 14 A. L. R. 237, 193 Pac. 65; *Truman v. Owens,* 17 Or. 523, 21 Pac. 665; *White v. Thompson,* 40 Cal. App. 447, 180 Pac. 953; *Mincer v. Green,* 47 Misc. Rep. 374, 94 N. Y. Supp. 15; *Davis v. Boswell,* 77 Mo. App. 294.)

F. W. Byrd, for Respondent.

"The director of a corporation who performs services for the corporation at the request of the board of directors is entitled to recover on an implied promise to pay all the services are reasonably worth in so far as the amount has not been fixed by the resolution of the board.   (3 L. R. A. 378, 41 N. W. 905.)

"The general manager of a corporation, who is also a director, has a legal claim for the value of his services, although there has been no resolution of the board of directors and no express contract fixing his compensation, where he devotes his entire time to the business, and his duties are numerous, onerous and not such as pertain to his office as director.   (*Bassett v. Fairchild,* 132 Cal. 637, 64 Pac. 1082, 52 L. R. A. 611.)

It is a general rule that directors cannot delegate discretionary powers.   (10 Cyc. 770, 772, 775, and cases there cited; *Bassett v. Fairchild, supra.*)

FEATHERSTONE, Commissioner. — This action was brought by Everett W. Rowland, the respondent herein, to recover from the Demming Exploration Company, Trustees, the sum of $6,682.24, for services rendered between January

1, 1917, and June 30, 1922. A jury was waived by stipulation and the case was tried by the court. Judgment was rendered in favor of Rowland, and the defendant appealed.

The facts, as shown by the record, are as follows:

The Demming Mines Company, the predecessor in interest of the Demming Exploration Company, Trustees, appellant herein, was incorporated December 14, 1916. Respondent E. W. Rowland and his father, M. T. Rowland, were members of the first board of directors, and, at the first meeting of the board, M. T. Rowland was appointed general manager, and he, at the same time, appointed respondent assistant general manager. The by-laws of the company provided that the salaries of the officers should be fixed by the board of directors, but the records of the company fail to show that any salary was ever fixed. Respondent claimed, as did his father, that at the first meeting of the board the matter of salary was discussed and it was agreed that respondent should receive $250 per month and his room, board and expenses.

No salary was ever entered on the books of the company until February 12, 1920, when respondent was credited with $250 per month from the date of his appointment.

The bookkeeper, who was also assistant secretary, testified that he notified all the directors by letter at the time he made such entry in the books, but no formal action was ever taken by the board, so far as shown by the records.

In a circular signed L. W. Mills, assistant secretary of Demming Mines Company, used in selling the stock of the company, it was stated, "No salaries are paid to the officers of the corporation."

In January, 1921, the property of the Demming Mines Company, an Idaho corporation, was taken over by the Demming Exploration Company, Trustees, a common-law trust. The trust agreement provided:

"The trustees shall hold the legal title to all property belonging to said trust and exercise absolute control thereof. They shall assume all obligations in connection with, or growing out of, the property assigned or transferred to them."

At the time judgment was rendered in favor of respondent, the court also found that appellant was entitled to a judgment against respondent for $1,243.10 for certain property that respondent had removed from appellant's premises. Respondent admitted receiving the property in question and offered to pay for the same.

Appellant contends that respondent is not entitled to recover in this action, because no salary was ever fixed by the board of directors, and also that in the circular above mentioned, used by the company in raising funds, it was stated that no salaries were paid to the officers of the corporation.

Appellant also contends that, under the law, a corporation must employ its labor, where the labor is to be performed by an officer of the corporation, by action of the board of directors spread upon the minutes; and that respondent having been employed by the board and no salary having been fixed by resolution spread upon the minutes, he could not recover for his services.

[1] We believe the rule is well settled that a director of a corporation, who performs services for a corporation at the request of the board of directors, is entitled to recover, on an implied promise to pay all the services are reasonably worth, inasmuch as the amount has not been fixed by a resolution of the board.

In the case of *Bassett v. Fairchild*, 6 Cal. Unrep. 458, 61 Pac. 791, 793, the court, in passing on this question, said:

"The by-laws provide that 'the compensation and terms of office of all officers of the corporation (other than directors) shall be fixed and determined by the board of directors.' This language does not, on its face, mean that the compensation must be expressly and definitely agreed upon and settled before performance of the services; but respondents contend that under the general law, established by judicial decisions, there can be no lawful allowance to an officer of a corporation for services, no matter what their character and value, where the amount of the compensation had not been fixed prior to the rendition of the services. Many authorities on

this subject have been cited on both sides, and they are, to some extent, conflicting. Most of those cited by respondents merely declare the rule that a 'director,' as such, without some previous understanding, is not entitled to pay for services which are within the ordinary duties to be expected of him as director, although some of them, no doubt, apply the rule to other officers or agents who are also directors; but as to the last proposition the weight of authority and reason is the other way. As a general rule, when one person performs valuable services for another, whether the other be a corporation or a natural person, the law raises an implied promise to pay a reasonable compensation for the services, unless they are performed under circumstances which show an understanding that they were to be gratuitous. It frequently happens that one natural person performs valuable services for another natural person, for which the former cannot recover because circumstances show that they were rendered without any expectation of compensation. Now, it has been held that directors of corporations cannot, without previous express contract, receive compensation for such ordinary services as are usually rendered by directors without pay; for the common understanding, as declared by judicial decisions, is that such services are presumed to be rendered gratuitously. But that presumption does not apply to those onerous services performed by officers and agents of a corporation, though they be also directors, for which compensation is usually demanded and allowed, and which could not reasonably be expected to be performed for nothing. The correct rule is stated by the United States supreme court in *Construction Co. v. Fitzgerald*, 137 U. S. 98, 11 Sup. Ct. 36, 34 L. ed. 608. In that case Fitzgerald, who was a director of a corporation and its treasurer, acted as superintendent and general manager, and as such did valuable work, 'not at all pertaining to his office as director'; and the question was whether he was entitled to compensation for such work done before any compensation was fixed. The opinion of the court states that the trial court 'in-

structed the jury that "if Fitzgerald, the plaintiff, acted as superintendent, treasurer, or general manager of said company, and transacted the usual business that devolves upon such officer of such a concern as that, with the knowledge and consent of the defendant" (during the time before compensation was fixed), there would be an implied agreement on the part of the defendant to pay what the services are reasonably worth, and afterwards repeated this instruction more in detail, confining it to services as manager.' The verdict was for Fitzgerald, and the judgment was affirmed. . . . . 'Tested by this rule, we think that the court fairly left it to the jury to determine whether Fitzgerald rendered services of such a character and under such circumstances that ·he was entitled to claim compensation therefor. It could not properly have been held, as matter of law, that he was not so entitled.' . . . . *Rogers v. Railway Co.*, 22 Minn. 25, is a case directly in point. It is stronger in support of the proposition above stated than the case at bar, because the charter of the corporation in that case provided that the board of directors should appoint the officers, 'and fix their compensation for the services to be rendered.' Rogers was a director, and was appointed secretary, of the corporation, and also acted as its land commissioner and attorney, and sued for the value of services rendered in such capacities. There had been no compensation fixed, nor any contract made, before the services were rendered; and it was contended there, as here, that no compensation could be recovered for past services. But it was held otherwise."

[2] In the foregoing cases a clear distinction is drawn between the services rendered as a director of the company in line with the duties of a director, such as attending the meetings and giving advice and counsel in the protection of the business interests of the corporation, on the one hand, and actual physical and mental services in the operation and maintenance of the corporation property, on the other. One is the act of an officer for which he would be entitled to no compensation unless fixed by the board of

directors, and the other is the act of a servant of the corporation for which he is entitled to compensation, and the law will not permit a corporation to benefit by services rendered by an officer which do not pertain to his office as a director, without compensating him for the reasonable value of such services, solely because officers are forbidden to receive a salary unless fixed by the board of directors.

[3]    It is contended by appellant that the court erred in admitting over its objections Plaintiff's Exhibits "E," "F," and "N." We fail to find any error in the admission of these exhibits. Exhibit "E" is a letter to respondent under date of 12/14/20, from C. T. Paxton, one of the trustees, stating:

"What is due you is considered as one of the emergency bills and will be paid quickly as funds can be secured. I can appreciate your position and can assure you we are all doing all possible to relieve the situation. Our greatest desire is to get funds to clear the emergency debts and put property on paying basis."

Exhibit "F" is another letter from the same party, to respondent, and to the same effect.

Exhibit "N" is a letter to respondent about his claim for services rendered, written by W. J. Long, a former director of the Demming Mines Company, and at the time of writing the letter in question one of the trustees of appellant. It is under date of January 20, 1922, and says:

"Concerning the salary claim that you presented the Demming Mines Company for a couple of years' service, will advise that I attended the meeting of the Trustees at Chicago a week ago Tuesday, and it was voted to pay you your salary as soon as there were funds that would be available for that purpose."

It clearly appears from the foregoing letters that the directors of the Demming Mines Company and the trustees of the Demming Exploration Company recognized the fact that the company was indebted to respondent in the amount claimed, for services rendered, and did not question that he

had rendered the services, and that they were obligated to pay for the same under their agreement when they took over the property.

[4] Appellant also contends that respondent's action is one on account stated, and that the court erred therefore in permitting him to offer any evidence as to services rendered. The appellant having answered specifically everything in the complaint, the court properly admitted the evidence, and if the complaint declares upon an account stated, it also sufficiently pleaded *indebitatus assumpsit* for work and labor done.

No error appearing in the record, we recommend that the judgment of the trial court be affirmed, with costs to respondent.

Babcock and Adair, CC., concur.

The foregoing is approved as the opinion of the court, and the judgment is affirmed.   Costs awarded to respondent.

Wm. E. Lee, C. J., and Budge, Givens and T. Bailey Lee, JJ., concur.

Taylor, J., dissents.