(March 8, 1917.)

## JAMES S. AUSTIN, Respondent, v. BROWN BROTHERS COMPANY, a Corporation, Appellant.

[164 Pac. 95.]

CONTRACTS—SEPARABLE CONTRACTS—EVIDENCE—SUBSTANTIAL PERFORMANCE—PLEADINGS—QUALIFICATION OF EXPERTS.

1. Under sec. 4201, Rev. Codes, the failure to deny a written instrument contained in the answer as therein required admits the genuineness and due execution of such instrument, but the plaintiff is not precluded thereby from taking any position in avoidance of the contract which is not inconsistent with the admission of its genuineness and due execution.

2. Where three persons gave individual orders complete in themselves for nursery stock to an agent of a nursery company, and thereupon, at the suggestion of the agent, the three orders were combined in one and signed by one of the three, *held,* that under the facts of this case the combined order became a separable contract.

3. Where a contract for the sale of fruit trees, prepared by the seller to be signed by the buyer contains a provision that "any stock which does not prove to be true to name as labeled is to be replaced free or purchase price refunded," such contract contains an implied condition precedent requiring a substantial performance by the seller, for the breach of which the buyer is entitled to compensatory damages, and the foregoing provision of the contract applies only to such mistakes as are liable to occur in the substantial performance of the contract.

4. Where by the undisputed testimony there is clearly a substantial failure of performance on the part of one of the parties to the contract, it is the duty of the court so to declare as a matter of law.

5. A judgment will not be reversed where it appears that the jury took cognizance only of matters proper for their consideration, even though the jury was erroneously instructed.

6. Qualification of witnesses to testify as experts must be determined in the first instance by the trial court, and unless it is apparent that the trial court was in error in permitting a witness to testify as an expert, the judgment will not be reversed.

7. An instruction should not be given unless founded on the issues in the case or evidence received at the trial. But where, by examination of instructions given in the trial, it appears that the giving of such instruction did not result in any substantial injury to appellant, the judgment will not be reversed.

[As to qualification of witness to testify as expert as resting in the discretion of the trial court, see note in Ann. Cas. 1912D, 817.]

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Chas. O. Stockslager, Judge.

Action for breach of contract. Judgment for plaintiff. *Affirmed.*

Longley & Walters, for Appellant.

This being the contract between the parties, it was error for the court to permit testimony to be offered, either of prior negotiations or of the contract offered as Exhibit "A." (*Jacobs v. Shenon,* 3 Ida. 274, 29 Pac. 44; *Idaho Fruit Land Co. v. Great Western Beet Sugar Co.,* 18 Ida. 1, 107 Pac. 989; *Newmyer v. Roush,* 21 Ida. 106, Ann. Cas. 1913D, 433, 120 Pac. 464.)

"Where the written sale contains no warranty, or expresses the warranty that is given by the vendor, parol evidence is inadmissible to prove the existence of a warranty in the former case, or to extend it in the latter, by inference or implication." (Benj. on Sales, sec. 942; 1 Elliott on Evidence, sec. 580; *Mast v. Pearce,* 58 Iowa, 579, 43 Am. Rep. 125, 8 N. W. 632, 12 N. W. 597.)

"An instruction defining an abstract proposition of law, where there is no evidence in the case to which such instruction is applicable, only serves to befog and mislead the jury

and should not be given." (*Gwin v. Gwin,* 5 Ida. 271, 48 Pac. 295; *Calkins' Estate,* 112 Cal. 296, 44 Pac. 577.)

The contract must not be construed to defeat the intention of the parties; but effect must be given to all the provisions and parts of the contract, and no part should be rejected unless absolutely repugnant to the general intent. (*Sinclair & Co. v. National Surety Co.,* 132 Iowa, 549, 107 N. W. 184; *Smith v. Durkee,* 116 Mich. 484, 131 N. W. 1116; *Chicago, B. & Q. R. Co. v. Bartlett,* 20 Ill. 603, 11 N. E. 867.)

Where parties have made their contract it is the duty of the court to enforce it, as they have elected to make it, without regard to the fact that in the light of subsequent events a hardship may be worked. (*Murphy v. Russell & Co.,* 8 Ida. 133, 67 Pac. 421; *Norcross v. Wills,* 198 N. Y. 336, 91 N. E. 803.)

Babcock & Graham and E. M. Wolfe, for Respondent.

Exhibit "A" was not offered for the purpose of proving the contract between respondent and appellant, but simply to explain the method used by appellant's agent to secure the contract upon which suit was brought.

The instructions plainly show that the jury were advised to consider the contract pleaded in the answer as the contract upon which the suit was brought. (*Martin v. Dowd,* 8 Ida. 453, 69 Pac. 276.)

The defendant cannot be heard to complain of the verdict of the jury and cannot have it set aside, if the verdict was arrived at by the jury upon a proper consideration of a proper measure of damages, even though they do disregard the instruction of the court in so doing. (*Tarr v. Oregon Short Line R. Co.,* 14 Ida. 192, 125 Am. St. 151, 93 Pac. 957.)

There was not a substantial compliance with the contract, and especially when the variety of trees delivered to the plaintiff were of a wholly worthless kind, having no market value whatever. (*Sanford v. Brown Bros. Co.,* 134 App. Div. 652, 119 N. Y. Supp. 333; *Grisinger v. Hubbard,* 21 Ida. 469, Ann. Cas. 1913E, 87, 122 Pac. 853; *State v. Pioneer Nurseries Co.,* 26 Ida. 332, 143 Pac. 405.)

RICE, J.—In June, 1905, the plaintiff and respondent executed an order to the defendant and appellant to furnish him with 500 apple trees, together with 45 pear, cherry, peach and plum trees, the variety of trees to be furnished and the prices to be paid therefor being fully set out. At the same time and place, respondent's brother and brother-in-law executed orders for various amounts of nursery stock, the exact number of trees ordered by them being not material in this case. Upon the execution of these orders it was suggested by appellant's agent that for convenience in shipping and in buying the trees a combined order should be made and the three orders shipped in one. The combined order was thereupon prepared and signed by respondent. The combined order differed from the original order executed by the respondent, in that it contained the following provision which the original order did not contain: "Any stock which does not prove to be true to name as labeled is to be replaced free or purchase price refunded; and all stock to be delivered in a thrifty and healthy condition."

The trees were delivered at Twin Falls in the spring of 1906. They were taken to the premises of the respondent and there divided among the three parties, each taking the trees that he had ordered. The trees arrived labeled so as to indicate the variety and number of trees. Respondent planted his trees in the spring of 1906 on his premises, consisting of a forty-acre subdivision, and cared for them until about April, 1910, when he discovered that a large part of the trees so planted and cared for by him were not true to name. Among the 500 trees ordered by him were 300 Jonathan and 130 Rome Beauty trees. No Jonathan or Rome Beauty trees were received, but instead the trees proved to be Wolf River, Peewaukees and an unknown variety. Respondent brought suit against the appellant to recover damages suffered as a result of the breach of the contract. The case was tried to a jury and a verdict was rendered in favor of respondent in the sum of $1,500.

The appellant assigns twenty-six specifications of error as ground for reversing the judgment, but relies principally upon those hereinafter considered.

Appellant in its answer set out a copy of the combined order claiming that said order constituted the contract between the parties. At the beginning of the trial the court, over the objection of appellant, permitted respondent to introduce his individual order. The specific objection was that the order was not the same as the order signed by the respondent in this action, as set forth in the answer, and inasmuch as there was no denial of the order as required by the statute it was admitted to have been the order made by the defendant. Sec. 4201, Rev. Codes, reads as follows: ''When the defense to an action is founded on a written instrument, and a copy thereof is contained in the answer, or is annexed thereto, the genuineness and due execution of such instrument are deemed admitted, unless the plaintiff file with the clerk, within ten days after receiving a copy of the answer, an affidavit denying the same, and serve a copy thereof on the defendant.'' It is admitted that no affidavit denying the combined order was filed or served on appellant. The genuineness and due execution of the contract alleged in the answer was therefore admitted.

In the case of *Cox v. Northwestern Stage Co.*, 1 Ida. 376, this court held that due execution of an instrument of writing goes to the manner and form of its execution by persons competent to execute it according to the laws and customs of the country where executed. The genuineness of an instrument in writing goes to the question of its having been an act of the party, just as represented; or, in other words, that the signature is not spurious, and that nothing has been added to or taken from it, which would lay the party signing or changing the instrument liable for forgery.

It does not follow that by admitting the genuineness and due execution of the instrument pleaded in the answer the respondent admitted that such instrument was the contract between the parties, nor was the respondent precluded thereby from taking any other position in avoidance of the effect of the contract which is not inconsistent with the admission of

its genuineness and due execution. (*Cox v. Northwestern Stage Co.*, *supra; Martin v. Dowd*, 8 Ida. 453, 69 Pac. 276; *Moore v. Copp*, 119 Cal. 429, 51 Pac. 630; *Brooks v. Johnson*, 122 Cal. 569, 55 Pac. 423.)

The individual order and the combined order are parts of one transaction and should be considered together, but the plaintiff could not be relieved of any obligation or provision contained in the joint order, which was the last one signed. The difference between them is material only in view of the fact that the combined order contained the provision, quoted above, which was not in the individual order.

In the case of *Sanford v. Brown Bros. Co.*, 134 App. Div. 652, 119 N. Y. Supp. 333, a contract for nursery stock containing this provision was construed. In considering the contract that court laid down the three following propositions:

First: Where a contract for the sale of fruit trees is prepared by the seller to be signed by the buyer, any uncertainty or ambiguity therein is to be resolved in favor of the buyer.

Second: That such a contract for the sale of nursery stock contained an implied condition precedent requiring a substantial performance by the seller, for breach of which the buyer was entitled to recover compensatory damages.

Third: That the provision of the contract quoted above applied only to such mistakes as were liable to occur in the substantial performance of the contract, and unless there was a substantial performance, the plaintiff's recovery for breach was not limited to the price of the trees not delivered.

In view of the foregoing construction of this contract, which appears to be correct, it was necessary to determine whether or not there had been a substantial compliance with the contract by the appellant, for if it failed substantially to fulfil its contract, the rule of damages in the case of breach of the individual order and the combination order would be the same.

It seems that the trial court attempted to submit to the jury the question as to substantial compliance with the order

upon the part of appellant by giving the following instruction:

"The jury are instructed that if you find from the evidence that the defendant company failed to substantially perform its contract by delivering to the plaintiff the trees that were ordered or trees of a quality and variety equally as good as those ordered, then your verdict must be for the plaintiff. By substantial performance is meant not a strict literal performance of the contract by delivering the exact number of each variety and kind of trees, but a reasonable compliance with the contract as to varieties, with such mistakes as were liable to occur, considering the size of the order and delivery."

The appellant contends that this instruction is faulty in that it does not inform the jury of their duty in case they found there was a substantial compliance, and might be construed by the jury as tantamount to an instruction that there was not a substantial compliance. We think, however, that the instruction, under the facts of this case, did not operate to deprive the appellant of any substantial right.

Ordinarily the question of whether there has been a substantial compliance with a contract is a question to be submitted to the jury, but under certain circumstances the court should declare as a matter of law that there has been a failure of substantial performance.

In the case of *Pressy v. McCornack,* 235 Pa. St. 443, 84 Atl. 427, the court said:

"There must in every case be substantial performance of the contract, and unless there be substantial compliance, there can be no recovery; but, whether there has been substantial performance, depends upon the character of the changes or alterations complained of, that is to say, do they materially affect the completed structure and were they in good faith honestly intended to fulfil the contract? Whether the party acted in good faith, and whether the departures were material are generally questions for the jury: *Truesdale v. Watts,* 12 Pa. St. 73; *Pallman v. Smith,* 135 Pa. St. 188, 19 Atl. 891; *Cosgrove v. Cummings,* 190 Pa. St. 525, 42 Atl. 881. This is

always true if the facts relating to the good faith of the plaintiff and the materiality of the changes or alterations are in dispute. On the other hand, if the undisputed testimony shows a substantial variance, not authorized by the owner, and made without his knowledge or assent, it is the duty of the court to so declare as a matter of law: *Harris v. Sharples,* 202 Pa. St. 243, 51 Atl. 965, 58 L. R. A. 214.''

In construing building contracts the New York courts have held that where there is clearly a substantial failure of performance on the part of the contractor, it is the duty of the court so to declare as a matter of law. (*Gompert v. Healy,* 149 App. Div. 198, 133 N. Y. Supp. 689; *Ketchum v. Herrington,* 63 Hun, 636, 18 N. Y. Supp. 429; *Glacius v. Black,* 67 N. Y. 563; *Spence v. Ham,* 163 N. Y. 220, 57 N. E. 412, 51 L. R. A. 238.)

The reasoning of the court in the Sanford case, *supra,* may be considered in relation to the question of performance. In that case the court said:

''It may be safely assumed that no man in his senses would purchase 3,500 peach trees and agree that he would be content with the return of the purchase price, if it should turn out, after three or four years of culture, that they were substantially all worthless, and not what he ordered.''

The appellant had knowledge of the portion of the combined order that was intended for the respondent. The combined order and shipment was made at the request of appellant and presumably for its convenience. The combined order, therefore, was separable, and it is proper to consider the individual order in determining the question of substantial compliance on the part of appellant. (*Wilson-Case Lumber Co. v. Mountain Timber Co.,* 202 Fed. 305.)

The testimony is undisputed that of the 300 Jonathan and 130 Rome Beauty trees ordered, none were delivered, and that only 70 of the 500 apple trees ordered were true to name. No complaint was made as to the delivery of the pear, cherry, peach or plum trees. In view of the foregoing facts, there was not a substantial compliance with the contract on the part of the appellant.

No error was committed, therefore, in the introduction of the individual contract in evidence.

The second error assigned by appellant is that the court admitted evidence upon an erroneous theory of the measure of damages. It seems to be the theory of appellant that the damage must be limited to the land actually occupied by the orchard, the error assigned being the admission of evidence as to the damage to the forty acres upon which the orchard, which occupied 7.77 acres, was planted.

In the same connection the appellant complains that the court in instructing the jury adopted the same erroneous view as to the proper measure of damages. The court instructed the jury as follows:

"The jury are instructed that the damages plaintiff is entitled to in this case, if you find from the evidence that he is entitled to any, is the difference in the reasonable cash value of the forty acres in question at the time that the plaintiff discovered that the said fruit trees were not true to name, or at such time as he, the plaintiff, by the exercise of ordinary care and attention might have discovered that fact, with the trees true to name, and the reasonable cash value of the same forty acres of land at the same time with the fruit trees thereon as they actually existed, that is, with the trees not true to name, if you so find from the evidence, together with interest on said sum at seven per cent per annum from the commencement of this action, to wit, August 27, 1912. In other words, the measure of damages is the value that would have been added to the premises, at the time of the discovery of the mistake by the plaintiff or at such time as he, the plaintiff, by the exercise of ordinary care and attention might have discovered that fact, if the trees had been of the varieties as ordered by the plaintiff."

In this case, however, special questions were submitted to the jury, which questions and their answers are as follows:

"1. What do you find the value of the acreage embraced within such orchard to have been had the trees been planted as contained in the order and the contract of the plaintiff, such value to be determined on or about April, 1910?

"We find the value of the ten acres to have been on the above date, $3,900.

                                    "D. P. ALBEE, Foreman."

"2. What do you find the value of the acreage embraced in the orchard to have been on or about April, 1910, in the condition in which it was at such time?

"We find the value of the ten acres, including the improvements, to have been $2,400.

                                    "D. P. ALBEE, Foreman."

The general verdict of the jury was for the plaintiff in the sum of $1,500.

It thus appears that the jury took into consideration only the ten acres upon which the orchard was planted in arriving at their verdict. The appellant cannot complain that the jury considered the ten-acre tract instead of the 7.77 acres upon which it claims the trees were actually planted. The 2.23 acres making up the ten acres were occupied by the dwelling-house and buildings of respondent, and were so situated that manifestly it would be impracticable to consider the 7.77 acres alone. Conceding appellant's theory to be correct, it was not injured by the evidence received or instruction given.

In this state a judgment will not be reversed where it appears that the jury took cognizance only of matters proper for their consideration, even though erroneously instructed. (*Tarr v. Oregon Short Line R. Co.*, 14 Ida. 192, 125 Am. St. 151, 93 Pac. 957.)

The appellant also assigns as error the action of the court in admitting evidence, over objections, as to the value of improvements upon the forty acres aside from the orchard.

As the value of the improvements was the same whether the trees in the orchard were true to name or otherwise, we think the admission of the testimony was harmless.

Appellant assigns as error the admission of answers to certain hypothetical questions propounded to witnesses, on the ground that the questions did not include all elements proven in the case and which necessarily should have been included before the questions could be properly answered. Subsequently, however, the omitted elements were supplied, in sub-

stance, and the erroneous admission of the answers was thereby cured.

Appellant also complains that two witnesses were permitted to give opinion testimony without showing proper qualifications as experts.

In the case of *Carscallen v. Coeur d'Alene etc. Transp. Co.*, 15 Ida. 444, 16 Ann. Cas. 544, 98 Pac. 622, this court said:

"No very nice distinction has ever been drawn or fixed rule established by which a trial judge shall determine the exact amount of knowledge, experience and skill a so-called expert shall have before permitting him to testify before the jury.   That question must be determined in the first instance by the court.   After the evidence is in, its weight and credibility is to be judged solely by the jury, and they will give it such weight as they think it is entitled to, and, indeed, if it runs counter to their convictions of truth in the exercise of their own knowledge and judgment, they may disregard it entirely."

It does not appear, in view of the foregoing expression, that error was committed in permitting the witnesses to testify as experts.

Appellant also assigns as error the instruction of the court, quoted above, to the effect that the jury might give plaintiff interest from the date of the commencement of the action.

This being an action for unliquidated damages, the instruction given was erroneous (*Barrett v. Northern Pac. R. Co.*, 29 Ida. 139, 157 Pac. 1016) ; but in view of the fact that the answers to the special questions submitted to the jury show that this instruction was disregarded, the judgment will not be reversed on account of such error.

The appellant also assigns as error the giving of the following instruction to the jury:

"The jury are instructed that under the pleadings in this case it stands admitted that the defendant company is a foreign corporation and that it failed to comply with the statutes of the state of Idaho in regard to designating an agent in this state upon whom service of summons could be made

in this state, and having thus failed to do so, the said defendant is not entitled to urge the defense of the statute of limitations in this case.''

At the opening of the trial the court had denied appellant's motion to amend its answer, so as to plead the statute of limitations. The instruction was gratuitous, in that the statute of limitations was not in issue, nor was any evidence introduced by the appellant tending to show that the cause of action was barred by the statute. The second paragraph of the complaint contained the allegation that the defendant was a foreign corporation and that during all times mentioned in the complaint it had been and now is doing and carrying on business within the state, and that it had neglected to comply with the statutory requirements with reference to foreign corporations doing business within the state. This allegation is expressly admitted by the answer. The instruction therefore correctly stated the law, if the question involved had been an issue in the case. The instruction should not have been given, but in view of the other instructions given by the court, it is apparent that no substantial injury was done to the appellant.

All specifications of error on the part of appellant have been examined, but it appears that the errors committed by the trial court resulted in no substantial injury to appellant.

The judgment of the lower court will be affirmed. Costs awarded to respondent.

Budge, C. J., and Morgan, J., concur.

Petition for rehearing denied.