(September 26, 1917.)

## ROBERT A. GRAHAM, Respondent, v. BROWN BROTH-ERS COMPANY, a Corporation, Appellant.

[168 Pac. 9.]

CONTRACT FOR FRUIT TREES—INSTRUCTIONS—FOREIGN CORPORATION—
STATUTE OF LIMITATIONS—EVIDENCE—MEASURE OF DAMAGES—
ERRONEOUS INCLUSION OF INTEREST IN JUDGMENT.

1. The following instruction was given in this case: "Where fruit trees are sold under a warranty, express or implied, that they are of the kind selected and they prove to be not of such kinds in part or whole, the measure of damages is the difference in value between the orchard actually grown from the trees received, at the next planting time after the discovery of the breach, and the value which such orchard would have had if the trees had been as warranted. . . . . " *Held*, that under the facts, as shown by the record, the giving of such instruction, without the inclusion of the words "at the same time deducting the cost of taking care of such trees," was not erroneous.

2. An instruction to the effect that a foreign corporation, which has admittedly failed to comply with the statutes of this state in regard to designating an agent upon whom service of summons may be had, is not entitled to urge the defense of the statute of limitations is not erroneous when the statute of limitations has been pleaded as a defense.

3. Copies of contract orders for trees, which were afterward merged in a single contract between the parties, may be properly received in evidence as showing specific acts of the parties in making the contract and the steps which were taken leading up to the making of the final contract and the execution thereof.

4. An instruction which directed the jury, in the event they found for plaintiff, to assess his damages and then add interest at the rate of seven per cent per annum from the date of the discovery of the true character of the fruit trees to the date of trial, is erroneous; but, where it appears that the prevailing party has offered to remit the interest erroneously included in the judgment in accordance with such instruction, a judgment for damages will not be reversed on account of such error, when the amount by which

the verdict was thereby increased is easily ascertainable and the proper deduction can be made with certainty.

[As to statute of limitations, and disability to plead same on part of foreign corporation which has not appointed local agent to be served with process, see note in 104 Am. St. 749. See, also, note in Ann. Cas. 1915D, 913.]

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. James R. Bothwell, Judge.

Action for damages for breach of contract. Judgment for plaintiff, and defendant appeals. *Affirmed and modified.*

E. A. Walters and Taylor Cummins, for Appellant.

"The measure of damage is the difference in value between the orchard actually grown from the trees received, at the next planting time after the discovery of the breach, and the value such orchard would have had if the trees had been as warranted, at the same time deducting the cost of taking care of such trees." (*Shearer v. Park Nursery Co.,* 103 Cal. 415, 42 Am. St. 125, 37 Pac. 412; *Grisinger v. Hubbard,* 21 Ida. 469, Ann. Cas. 1913E, 87, 122 Pac. 853.)

The jury were instructed to assess the damages as of the date of the discovery and to add interest thereto at the rate of seven per cent per annum from the date of such discovery to the date of trial. This instruction is obviously incorrect. (*Austin v. Brown Brothers Co.,* 30 Ida. 167, 164 Pac. 95; *Barrett v. Northern Pac. Ry. Co.,* 29 Ida. 139, 157 Pac. 1016.)

A foreign corporation taking orders within the state, as this appellant corporation was doing, need not comply with sec. 2792, Rev. Codes. (*Belle City Mfg. Co. v. Frizzell,* 11 Ida. 1, 81 Pac. 58.) It is therefore not barred from invoking the statute of limitations in an action brought against it. (*Hale v. St. Louis & S. F. R. Co.,* 29 Okl. 192, Ann. Cas. 1915D, 907, 134 Pac. 949, L. R. A. 1915C, 544.)

"A man cannot be made debtor to any indefinite number with whom he never contracted, by their making arrange-

ments with one with whom he has contracted to deliver property on his contract." (6 R. C. L. 881; *Rossman v. Townsend*, 17 Wis. 95, 98, 84 Am. Dec. 733.)

One recovery has been had on the Austin contract and affirmed by this court, and respondent is not entitled to recover.

E. M. Wolfe, for Respondent.

The court instructed the jury that our damages were the difference in the value of the land with the trees as actually received and what its value would have been had the trees been as ordered, saying nothing about the cost of caring for the trees during the several years. That instruction is correct, because we did actually care for the trees and actually spent the money, and, of course, it should not be deducted from the value, or the difference in value, of the orchard. (*Fuhrman v. Interior Warehouse Co.*, 64 Wash. 159, 116 Pac. 666, 37 L. R. A., N. S., 89.)

BUDGE, C. J.—This is an action for damages alleged to have been sustained by respondent by reason of the failure of appellant to deliver certain apple trees of the particular varieties purchased from appellant. The order for the trees was given in June, 1905, and the trees were delivered to respondent in the spring of 1906, and planted by him on an area of land embracing eight acres. The evidence shows that this was respondent's first experience in the orchard business and that he did not know at the time the trees were delivered that they were not true to name, nor did he discover such fact until some time early in 1910. This action was brought in December, 1912. Appellant's answer put in issue the allegations of the complaint, and as an affirmative defense pleaded the statute of limitations. The case was tried to a jury and a verdict was returned in favor of respondent for $1,087, $287 of which sum represented interest from the time of the alleged discovery. This appeal is from the judgment which was entered on the verdict.

This action arises out of the same contract which formed the basis of the action in *Austin v. Brown Bros. Co.*, 30 Ida. 167, 164 Pac. 95. Most of the questions which arise herein were discussed and disposed of in the Austin case, and it will be unnecessary here to restate in detail all of the matters therein considered. The contract was procured by one Stark, the agent of appellant. It appears from the record that Stark first procured separate contracts from James S. Austin, W. L. Austin, and this respondent, and at Stark's suggestion the orders were combined in one contract for convenience in shipping and to minimize transportation charges.

Numerous errors have been assigned, for the most part relating to instructions given or refused. The seventh assignment of error attacks the sufficiency of instruction No. 21, the material part of which, so far as the point raised is concerned, reads as follows: "Where fruit trees are sold under a warranty, express or implied, that they are of the kind selected and they prove to be not of such kinds in part or whole, the measure of damages is the difference in value between the orchard actually grown from the trees received, at the next planting time after the discovery of the breach, and the value which such orchard would have had if the trees had been as warranted. . . . . " The contention is that this instruction is erroneous in that the words, "at the same time deducting the cost of taking care of such trees," were not included in the instruction, reliance being placed upon the approval of an instruction, with the additional words just quoted, in *Grisinger v. Hubbard*, 21 Ida. 469, Ann. Cas. 1913E, 87, 122 Pac. 853. The point here sought to be made does not appear to have been called to the attention of the court in the Grisinger case. Under the facts of the present case the instruction as given cannot be said to be erroneous. In the Grisinger case the trees died; therefore they required no care for the full period of time and there was no cost of taking care of the trees. The cost of production which has actually been incurred should not be deducted from the value of the land. (*Fuhrman v. Interior Warehouse Co.*, 64 Wash. 159, 116 Pac. 666, 37 L. R. A., N. S., 89. See, also, extended note

to *Leonard Seed Co. v. Crary Canning Co.*, 147 Wis. 166, Ann. Cas. 1912D, 1077, 132 N. W. 902, 37 L. R. A., N. S., 79.)

The ninth assignment of error complains of instruction No. 23, to the effect that a foreign corporation, which has admittedly failed to comply with the statutes of this state in regard to designating an agent upon whom service of summons may be had, is not entitled to urge the defense of the statute of limitations. Appellant having failed to deny specifically in its answer, that it had not neglected and refused to designate such an agent, has admitted that it did not do so. A similar instruction was approved in the Austin case, *supra*, and although under the facts of that case "the instruction was gratuitous," its giving was not erroneous. In the present case the statute of limitations was pleaded as a defense, and hence the instruction was entirely proper.

The twelfth and thirteenth assignments of error attack the admission of certain exhibits which were copies of the various contract orders which formed the basis of the contract which gave rise to this suit. Under the rule announced in the case of *Grisinger v. Hubbard, supra*, "they should be received as the specific acts of the parties in making the contract, and the steps which were taken which lead up to the making of the order for the trees and the filling of such order by shipping such trees."

The instructions taken as a whole, with the exception of instruction No. 22, attacked by assignment of error No. 8, fairly and fully state the law of the case to the jury, and an examination of the instructions offered by appellant and refused by the court discloses no prejudicial error.

Instruction No. 22, which directed the jury in the event they found for plaintiff to assess his damages and then add interest at the rate of seven per cent per annum from the date of the discovery of the true character of the trees to the date of trial, is erroneous, and should not have been given. (*Austin v. Brown Bros. Co., supra; Barrett v. Northern Pac. Ry. Co.*, 29 Ida. 139, 157 Pac. 1016.) But it appears that respondent has offered to remit the interest thus erroneously included in the judgment, and a judgment for dam-

ages will not be reversed for error in an instruction as to the measure of damages if the amount which the verdict was increased by the error is easily ascertained and a *remittitur* is filed for that amount. (*Fuhrman v. Interior Warehouse Co., supra; Barrett v. Northern Pac. Ry. Co., supra.*)

· Finding no error in the record, other than as above noted, the judgment is affirmed for the sum of $800, and by reason of the fact that appellant has been forced to prosecute this appeal in order to correct the judgment, costs are awarded to appellant.

Morgan and Rice, JJ., concur.