(February 12, 1920.)

STOREY & FAWCETT, a Copartnership, Composed of CHARLES STOREY and FRANK FAWCETT, Respondent, v. NAMPA AND MERIDIAN IRRIGATION DISTRICT, a Corporation, Appellant.

[187 Pac. 946.]

QUANTUM MERUIT — INTEREST PRIOR TO JUDGMENT — FINDINGS—CONSTRUCTION CONTRACT—ENGINEER'S ESTIMATES—MECHANIC'S LIEN—IRRIGATION DISTRICT—PUBLIC PROPERTY—MUNICIPAL CORPORATION—STATUTORY CONSTRUCTION.

1. In an action to recover the reasonable value of services performed and materials furnished, where the amount due is not susceptible of ascertainment by computation or by reference to market values, interest will not be allowed prior to the verdict of the jury or decision of the court.

2. A judgment will not be reversed for want of a finding by the lower court, unless it appears from the record that there was evidence before the court from which it was required to make a finding which would countervail its other findings.

3. Refusal by one of the parties to a construction contract to pay an engineer's estimate, when due under the contract, is such a violation thereof as gives the other party a right to abandon the

contract and sue for the reasonable value of the services rendered and materials furnished.

4. An irrigation district is a municipal corporation and its property is public property.

5. A mechanic's lien does not attach to public property unless expressly provided by statute.

[As to the right to mechanic's lien on public property, see note in **Ann. Cas.** 1914C, 102.]

6. C. S., secs. 7339, 7340 and 7341, do not provide for a mechanic's lien as against the property of any municipal corporation other than a county, city, town or school district, and the property of an irrigation district is not the subject of a mechanic's lien under existing statutes.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Action to foreclose mechanic's lien. Judgment for plaintiff. *Modified and affirmed.*

Hugh T. McElroy, for Nampa & Meridian Irrigation District.

The court erred when it failed to find upon the issues of fact relating to the liquidated damages claimed by defendant in its cross-complaint and counterclaim. All parties to the action formally requested the court to make this finding of fact. (*Wood v. Broderson,* 12 Ida. 190, 85 Pac. 490; *Brown v. Macey,* 13 Ida. 451, 456, 90 Pac. 339.)

"An irrigation district organized under the Wright Act becomes a public corporation and its officers become public officers of the state." (*In re Madera Irr. Dist.,* 92 Cal. 296, 27 Am. St. 106, 28 Pac. 272, 675, 14 L. R. A. 755.)

"Its officers are public officers chosen by the electors of the district and invested with public duties." (*People v. Selma Irr. Dist.,* 98 Cal. 206, 32 Pac. 1047.)

"Irrigation districts organized under the laws of the state are *quasi*-municipal corporations." (*Hertle v. Ball,* 9 Ida. 193, 72 Pac. 953; *Pioneer Irr. Dist. v. Walker,* 20 Ida. 605, 119 Pac. 304; *Colburn v. Wilson,* 23 Ida. 337, 130 Pac. 381;

*Little Willow Irr. Dist. v. Haynes,* 24 Ida. 317, 133 Pac. 905; *Payette Heights Irr. Dist. v. Haynes,* 24 Ida. 321, 133 Pac. 907; *Brown Bros. v. Columbia Irr. Dist.,* 82 Wash. 274, 144 Pac. 74.) A lien against the property of a public corporation under the general lien laws of the state is not permitted. (Bloom on Mechanics' Liens, sec. 192; *Mayrhofer v. Board of Education,* 89 Cal. 110, 23 Am. St. 451, 26 Pac. 646; *Florman v. School District No. 11,* 6 Colo. App. 319, 40 Pac. 469; *People v. San Joaquin Valley Agricultural Assn.,* 151 Cal. 797, 91 Pac. 740.)

"The mechanic's lien law must be strictly construed and cannot be extended beyond the express provisions of the statute." (*Bradbury v. Idaho & O. Land Imp. Co.,* 2 Ida. 239, 10 Pac. 620; *Emory v. Commissioners of Town of Laurel,* 3 Penne. (Del.) 267, 55 Atl. 1118.)

"Mechanics' liens cannot be acquired or enforced upon or against property held for public uses." (*Townsend v. Cleveland etc. Co.,* 18 Ind. App. 568, 47 N. E. 707; *A. L. & E. F. Goss Co. v. Greenleaf,* 98 Me. 436, 57 Atl. 581; *Lessard v. Revere,* 171 Mass. 294, 50 N. E. 533; *Hicks v. Roanoke Brick Co.,* 94 Va. 741, 27 S. E. 596.)

"Public property cannot be the subject of a mechanic's lien unless the statute creating such a lien expressly so provides." (*Knapp v. Swaney,* 56 Mich. 345, 56 Am. Rep. 397, 23 N. W. 162; *Portland Lumbering & M. Co. v. School Dist.,* 13 Or. 283, 10 Pac. 350.)

Money is not due on a claim which is the basis of a cause of action until the amount of the claim is made definite and certain, either by contract or judgment. (Sutherland on Damages, 4th ed., sec. 347; *Herrman v. Leland,* 163 App. Div. 515, 148 N. Y. Supp. 643; *Schmidt v. Briarcliff Lodge Assn.,* 147 N. Y. Supp. 911; *Illinois Surety Co. v. United States,* 215 Fed. 334, 131 C. C. A. 476; *Stephens v. Phoenix Bridge Co.,* 139 Fed. 248, 71 C. C. A. 374.)

"The claim of the contractor on a *quantum meruit* being unliquidated and incapable of determination or arithmetical calculation, interest cannot be allowed." (*General Supply*

& *Construction Co. v. Goelet,* 149 App. Div. 80, 133 N. Y.
Supp. 978; *Fox v. Davidson,* 111 App. Div. 174, 97 N. Y.
Supp. 603; *Macomber v. Bigelow,* 126 Cal. 9, 14, 58 Pac. 312;
*American-Hawaiian Engineering & Const. Co. v. Butler,* 17
Cal. App. 764, 121 Pac. 709.)

Martin & Martin, for Storey & Fawcett.

If, as a matter of fact, the plaintiffs' claim was liquidated
or capable of computation by fixed values or prices, then they
were entitled to interest notwithstanding the fact that the
defendant set up claims for damages and offsets which were
unliquidated and could not be ascertained from computation.
(1 Sutherland on Damages, 2d ed., pp. 634, 682, 698, 727;
*State v. Title Guaranty & Surety Co.,* 27 Ida. 752, 152 Pac.
189; *Mix v. Miller,* 57 Cal. 356; *McFadden v. Crawford,* 39
Cal. 662; *Sullivan v. McMillan,* 37 Fla. 134, 53 Am. St. 239,
19 So. 340; *White v. Miller,* 78 N. Y. 393, 34 Am. Rep. 544;
*Van Rensselaer v. Jewett,* 2 N. Y. 135, 51 Am. Dec. 275; *Mc-
Mahon v. New York & Erie R. Co.,* 20 N. Y. 463; *Knowles v.
Baldwin,* 125 Cal. 224, 57 Pac. 988; *Lane v. Turner,* 114 Cal.
396, 46 Pac. 290; *Pacific Mutual Life Ins. Co. v. Fisher,* 106
Cal. 224, 39 Pac. 758; *Wells v. Crawford,* 23 Colo. App. 103,
127 Pac. 914; *Healy v. Fallon,* 69 Conn. 228, 37 Atl. 495;
*Sweeney v. Lewis Construction Co.,* 74 Wash. 303, 133 Pac.
441; *Eilers Music House v. Hopkins,* 73 Wash. 281, 131 Pac.
838; *Fairchild v. Bay Point & C. R. Co.,* 22 Cal. App. 328,
134 Pac. 338; *Idaho Gold Coin Min. & Mill. Co. v. Colorado
Iron Works Co.,* 49 Colo. 66, 111 Pac. 553; *Kuhn v. McKay,*
7 Wyo. 42, 49 Pac. 473, 51 Pac. 205.)

The refusal to pay an engineer's estimate when due is such
a violation of the contract as gives the other party a right to
abandon it and sue on a *quantum meruit* for the value of the
services.  (*San Francisco Bridge Co. v. Dumbarton Land &
Improvement Co.,* 119 Cal. 272, 51 Pac. 335; *American-
Hawaiian Eng. & Const. Co. v. Butler,* 165 Cal. 497, Ann.
Cas. 1916C, 44, 133 Pac. 280; *Woodruff Co. v. Exchange
Realty Co.,* 21 Cal. App. 607, 132 Pac. 598; *Norrington v.*

*Wright*, 115 U. S. 188, 6 Sup. Ct. 12, 29 L. ed. 366, see, also, Rose's U. S. Notes; *Richmond Dredging Co. v. Atchison, T. & S. F. Ry. Co.*, 31 Cal. App. 399, 160 Pac. 862.)

From C. S., secs. 7339, 7340 and 7341, it is evident that the legislature intended that every person who furnished labor or material in the construction, alteration or repair of every kind of property should be protected by a lien on the property so constructed, altered or repaired. (*Hill v. Twin Falls Salmon River Land & Water Co.*, 22 Ida. 274, 125 Pac. 204.)

An irrigation district is "the owner of its system in a proprietary rather than a public capacity, and must assume and bear the burdens of proprietary ownership." Upon what theory, then, can it be contended that its property is not subject to a lien the same as the property of other corporations? (*City of Nampa v. Nampa & Meridian Irr. Dist.*, 19 Ida. 779, 115 Pac. 979; *Pioneer Irr. Dist. v. Walker*, 20 Ida. 605, 119 Pac. 304; *Colburn v. Wilson*, 23 Ida. 337, 130 Pac. 381; *City of Nampa v. Nampa & Meridian Irr. Dist.*, 23 Ida. 422, 131 Pac. 8; *Little Willow Irr. Dist. v. Haynes*, 24 Ida. 317, 133 Pac. 905.)

While an irrigation district is not specifically mentioned in the lien laws (which were passed long before the irrigation district laws), still the lien laws are sufficiently broad to cover the property of these districts. (*Hertle v. Ball*, 9 Ida. 193, 72 Pac. 953; *In re Bank of Nampa*, 29 Ida. 166, 157 Pac. 1117.)

Many corporations, such as railroads, street railways, electric light, water companies, etc., transact a business which renders them particularly beneficial, if not necessary, to the public, and these are called *quasi*-public corporations. They are, however, owned and controlled by individual stockholders who are alone benefited by the profits of the business. The property of such corporations, under the holdings of all the courts, is subject to mechanics' liens. (*Brooks v. Burlington etc. R. R. Co.*, 101 U. S. 443, 25 L. ed. 1057; *Meyer v. Hornby*, 101 U. S. 728, 25 L. ed. 1078, see, also, Rose's U. S. Notes;

*Midland Ry. Co. v. Wilcox*, 122 Ind. 84, 23 N. E. 506; *Farmers' Loan & T. Co. v. Candler*, 87 Ga. 241, 13 S. E. 560; *Beach v. Wakefield*, 107 Iowa, 567, 76 N. W. 688, 78 N. W. 197; *National Foundry & Pipe Works v. Oconto Water Co.*, 52 Fed. 43; *Oconto Water Co. v. National Foundry etc. Works*, 59 Fed. 19, 7 C. C. A. 603; *Ireland v. Atchison etc. Ry. Co.*, 79 Mo. 572.)

On appeals from the judgment of a lower court upon the judgment-roll alone, where there are no bills of exception or statements of the case, this court will disregard any matters which appear in the record and are not made a part of the judgment-roll by the statute. (*Williams v. Boise Basin Mining & Development Co.*, 11 Ida. 233, 81 Pac. 646; *Winslow v. Gohransen*, 88 Cal. 450, 26 Pac. 504; *Bliss v. Sneath*, 119 Cal. 526, 51 Pac. 848; *Terry v. Southwestern Bldg. Co.* (Cal. App.), 185 Pac. 212; *Carpenter v. Bailey*, 127 Cal. 582, 60 Pac. 162; *People v. McCue*, 150 Cal. 195, 88 Pac. 899.)

BUDGE, J.—This is an action to foreclose a mechanic's lien against the property of the Nampa and Meridian Irrigation District. The court, after making and filing its findings of fact and conclusions of law, entered judgment against the district for $6,686.46, with interest at the rate of seven per cent per annum from April 9, 1915, the date of making the findings, amounting to $171.62, for $9.60 paid for filing and recording the mechanic's lien and for $1,000 attorneys' fees for the foreclosure thereof, and decreeing the foreclosure of the lien.

Both parties have appealed from the judgment. The only question involved on the plaintiff's appeal is whether the court erred in refusing to allow interest on the amount found to be due from the date of the rendition of the service and the furnishing of the materials and prior to the date of the decision. This court has hitherto adhered to the rule that where a claim is for unliquidated damages, the amount of which is not susceptible of ascertainment by computation or by reference to market values, interest will not be allowed

prior to judgment.   (*Barrett v. Northern Pacific Ry. Co.,* 29
Ida. 139, 157 Pac. 1016; *Austin v. Brown Brothers Co.,* 30
Ida. 167, 164 Pac. 95; *Graham v. Brown Brothers Co.,* 30 Ida.
651, 168 Pac. 9.)   While the point does not seem to have been
material in the above cases, the circumstances of this case re-
quire us to call attention to the fact that the true date from
which the amount found due draws interest is the date of the
rendition of the verdict of the jury or the decision of the
court.   (C. S., sec. 7220.)

In the present case appellant, treating the contract of em-
ployment as breached, abandoned the work and sued for the
reasonable value of the services rendered and the materials
furnished.   Actions to recover the reasonable value of ser-
vices performed and materials furnished in cases like the one
at bar have been properly held to fall within the rule above
referred to.   (*Cox v. McLaughlin,* 76 Cal. 60, 9 Am. St. 164,
18 Pac. 100; *Meyer v. Buckley,* 22 Cal. App. 96, 133 Pac. 510;
*American-Hawaiian Engineering & Construction Co., Ltd., v.
Butler et al.,* 17 Cal. App. 764, 121 Pac. 709; *Macomber v.
Bigelow,* 126 Cal. 9, 58 Pac. 312.)

The appeal by the district presents three questions: (1)
Did the court err in failing to find the facts on the issues
raised by the affirmative answer and the cross-complaint, with
respect to the alleged claim by the district for liquidated dam-
ages claimed to arise by reason of the failure of respondents
to complete the work by a given time?   (2) Did the court err
in holding that respondents had a right to abandon the con-
tract and sue for the reasonable value of the services per-
formed and materials furnished?   And (3) Is the property
of an irrigation district subject to a mechanic's lien under
existing statutes?

As to the first question, the record before us is insufficient
to enable the court to pass upon its merits, for while it is true
that findings are required upon all material issues (*Sarret v.
Hunter, ante,* p. 536, 185 Pac. 1072; *Muckle v. Hill, ante,*
p. 661, 187 Pac. 943), a judgment will not be reversed for
want of a finding unless it appears that there was evidence be-

fore the court from which it was required to make a finding which would countervail its other findings. (*Winslow v. Gohransen*, 88 Cal. 450, 26 Pac. 504; *Rogers v. Duff*, 97 Cal. 66, 31 Pac. 836; *Bliss v. Sneath*, 119 Cal. 526, 51 Pac. 848; *Carpenter v. Bailey*, 127 Cal. 582, 60 Pac. 162; *People v. Mc-Cue*, 150 Cal. 195, 88 Pac. 899; *Terry v. Southwestern Building Co.* (Cal. App.), 185 Pac. 212.)

The only record before us is the judgment-roll. The evidence is not before us, nor has any bill of exceptions been presented, preserving the point. It must be regarded as settled law in this state under existing statutes that where upon appeal from a judgment the record brought to this court contains neither a transcript of the proceedings had upon the trial nor a bill of exceptions, nothing belongs to the record except the judgment-roll and no question outside of the record can be considered by the court. (*Williams v. Boise Basin Min. etc. Co.*, 11 Ida. 233, 81 Pac. 646; *Bell v. Stadler*, 31 Ida. 568, 174 Pac. 129; *Bumpas v. Moore*, 31 Ida. 668, 175 Pac. 339; *Minneapolis Threshing Machine Co. v. Peterson*, 31 Ida. 745, 176 Pac. 99.)

As to the second point, it is contended by appellant that the judgment is not sustained by findings 3, 4 and 5, and is contrary to law. These findings are in substance and so far as material to the point under discussion that respondents began work under their contract with appellant about March 1, 1910, and continued to furnish material and labor thereunder until and including January 8, 1911, that the contract provided that the engineer's estimates should be made on the 1st and 16th of each month during the progress of the work and that payments should be made within 15 days after each estimate, that the estimate for the 16th of December was not made until on or about December 31, 1910, that appellant wrongfully failed and refused to pay the amount due respondents under this estimate, and that thereupon respondents quit work under the contract and had a right so to do.

Appellant contends that notwithstanding the latter estimate was not made until December 31, 1910, it had 15 days thereafter within which to make the payment therefor.

In the absence of any contention or showing that respondents had waived the making of the estimate on the date specified in the contract, viz., December 16, 1910, appellant's contention is obviously unsound. To hold otherwise would be to enable appellant to postpone payment indefinitely without being in default by merely failing to make the estimate at the time specified in the contract. Not only is there no contention that the making of the estimate upon the date specified in the contract was waived, but the record before us is affirmatively to the contrary, the complaint alleging "that the plaintiffs requested that said estimate for December 16, 1910, be made, and that they be paid the amount due them thereon, but defendant failed and refused to make or cause said estimate to be made, and failed and refused to pay the plaintiffs for the work so done and the material so furnished."

The general rule is that the refusal to pay an estimate when due is such a violation of the contract as gives the other party a right to abandon it and sue for the reasonable value of the services rendered and materials furnished. (*Richmond Dredging Co. v. Atchison, T. & S. F. R. Co.*, 31 Cal. App. 399, 160 Pac. 862, and cases therein cited.) Upon the record before us we are unable to say that the point in dispute does not fall within the foregoing rule.

The third question presented, viz., Is the property of an irrigation district subject to a mechanic's lien under existing statutes? arises because the judgment of the court has subjected the property of the district to respondents' claim of lien, and has allowed respondents a $1,000 attorney fee, and $9.60 costs for filing and recording the lien, which could have been allowed only upon the theory that the property was lienable.

It is contended by appellant that since an irrigation district is a municipal corporation (*Gem Irr. Dist. v. Van Deusen*, 31 Ida. 779, 176 Pac. 887, and cases therein cited), its property is public property and not the subject of a mechanic's lien under our statutes.

The statutory provisions involved are C. S., sec. 7339, containing the general provision with respect to mechanics' and materialmen's liens, and C. S., sec. 7340, which provides for a lien for labor performed or materials furnished to be used in the construction, alteration or repair of any building, machinery or other structure for any county, city, town or school district.

The general rule, supported not only by reason but by the overwhelming weight of authority, is that a mechanic's lien does not attach to public property unless expressly provided by statute, since such lien would be contrary to public policy and also incapable of enforcement. (*Bank of Idaho v. Malheur County*, 30 Or. 420, 45 Pac. 781, 35 L. R. A. 141, and note; *National Fireproofing Co. v. Town of Huntington*, 81 Conn. 632, 129 Am. St. 228, 71 Atl. 911, 20 L. R. A., N. S., 261, and note; *Hutchinson v. Krueger*, 34 Okl. 23, Ann. Cas. 1914C, 98, and note, 124 Pac. 591, 41 L. R. A., N. S., 315, and note; 27 Cyc. 25; 18 R. C. L. 881.)

Respondent insists, however, that since C. S., sec. 7340, has made an exception to the rule in the case of a county, city, town or school district, the rule should be relaxed to include other municipal corporations, but inasmuch as the latter section does not expressly provide for a lien upon the property of any municipal corporation except those specified, we are of the opinion that the rule above stated and so strongly supported by authority prevents the extension of the specific terms of the statute by judicial construction.

But respondent further contends that C. S., sec. 7341, requiring contractors to give a bond for the protection of those furnishing labor or material upon state or municipal work, while it protects those furnishing labor and material, affords no protection to the contractor other than the general lien, and referring to all of the foregoing sections in question says:

"From the above it seems evident that the legislature intended that every person who furnished labor or material in the construction, alteration or repair of every kind of prop-

erty should be protected by a lien on the property so constructed, altered or repaired.''

This court has held that the remedy provided by C. S., sec. 7341, is merely cumulative to that provided by C. S., sec. 7340. (*Chamberlain v. City of Lewiston*, 23 Ida. 154, 129 Pac. 1069.) The latter decision, however, goes further and holds that the remedies provided by C. S., sec. 7340, are not affected in any way by the remedy provided by C. S., sec. 7341. The provision of the section requiring a bond to secure those who perform labor or furnish materials upon municipal construction work does not necessarily imply that a lien for such items exists, nor does the statute expressly extend the lien provided by the preceding section to the property of any other municipal corporation, in the absence of which, statutes similar to C. S., sec. 7341, have been universally held to furnish a remedy in lieu of a lien and have been construed to be a substitute for the ordinary mechanic's lien applicable to private work. (*Knight & Jillson Co. v. Castle et al.*, 172 Ind. 97, 87 N. E. 976, 27 L. R. A., N. S., 573, note, p. 579, subd. V; *United States, Use of Vermont Marble Co., v. Burgaorf*, 13 App. Cas. (D. C.) 506; *United States, Use of Hill, v. American Surety Co.*, 200 U. S. 197, 26 Sup. Ct. 168, 50 L. ed. 437; *Title Guaranty & Trust Co. v. Crane Co.*, 219 U. S. 24, 31 Sup. Ct. 140, 55 L. ed. 72; *Equitable Surety Co. v. United States, Use of McMillan*, 234 U. S. 448, 34 Sup. Ct. 803, 58 L. ed. 1394; *Illinois Surety Co. v. John Davis Co.*, 244 U. S. 376, 37 Sup. Ct. 614, 61 L. ed. 1206, see, also, Rose's U. S. Notes; *Cleveland Metal Roofing & C. Co. v. Gaspard*, 89 Ohio St. 185, 106 N. E. 9, L. R. A. 1915A, 768; *United States v. Illinois Surety Co.*, 226 Fed. 653, 141 C. C. A. 409; *National Surety Co. v. United States*, 228 Fed. 577, 143 C. C. A. 99, L. R. A. 1917A, 336; *United States v. Brent*, 236 Fed. 771; *United States v. Lowrance*, 236 Fed. 1006; *United States v. Montgomery Heating & Ventilating Co.*, 255 Fed. 683.)

Our conclusion is that no mechanic's lien has been expressly provided as against the property of any municipal corporation other than a county, city, town or school district, and

that the property of an irrigation district is not the subject of a mechanic's lien under existing statutes.

That portion of the judgment giving a lien upon the property of the district, decreeing its foreclosure and awarding $1,000 attorney fees and $9.60 cost of filing and recording the lien, is erroneous. The judgment should be modified accordingly as of the date of its original entry, and as so modified will stand affirmed. Costs are awarded in favor of the district on both appeals.

Morgan, C. J., and Rice, J., concur.