(April 11, 1922.)

## J. C. MEDLING and CHAUNCEY CUMMINGS, Respondents, v. LESTER C. SEAWELL, Appellant.

[207 Pac. 137.]

ACCORD—BREACH OF CONTRACT—PLEADING—SUFFICIENCY OF COMPLAINT—LIBERAL CONSTRUCTION AFTER JUDGMENT — INTEREST — UNLIQUIDATED CLAIM.

1. In order to constitute a statement of a cause of action on an accord, the complaint must state that the offeree agreed to accept as payment in full, the amount which the offeror agreed to pay.

2. A defective allegation of a good cause of action, in the absence of a demurrer, is cured by judgment.

3. Where a claim is for unliquidated damages, the amount of which is not susceptible of ascertainment by computation or by reference to market values, interest will not be allowed prior to judgment.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. B. S. Varian, Judge.

Action for breach of contract. Judgment for plaintiffs. *Modified* and *affirmed*.

O. M. Van Duyn and Frank T. Wyman, for Appellant.

The objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by failure to demur or to raise the objection by answer. (*Trueman v. Village of St. Maries,* 21 Ida. 632, 123 Pac. 508; *Newport Water Co. v. Kellogg,* 31 Ida. 574, 174 Pac. 602; *Naylor & Norlin v. Lewiston, etc. Ry. Co.,* 14 Ida. 789, 96 Pac. 573.)

There can be no contract unless there has been an offer, an acceptance and a consideration. (1 Page on Contracts, sec. 513; *Phoenix M. L. Ins. Co. v. Raddin,* 120 U. S. 183, 7 Sup. Ct. 500, 30 L. ed. 644; *United Transp. & L. Co. v. New York & B. Transp. L.,* 180 Fed. 902; *Broadbent v. Johnson,* 2 Ida. 325, 13 Pac. 83; *Houser v. Hobart,* 22 Ida.

735, 127 Pac. 997, 43 L. R. A., N. S., 410; 13 C. J. 312; 6 R. C. L. 469.)

Each party must allege each fact he is required to prove and is not permitted to prove any fact not alleged. (*Green v. Palmer,* 15 Cal. 413, 76 Am. Dec. 492; *Jerome v. Stebbins,* 14 Cal. 457; *Johnson v. Santa Clara County,* 28 Cal. 545; *Allen v. Home Ins. Co.,* 133 Cal. 29, 65 Pac. 138; 13 C. J. 721, 722.)

Having pleaded an express contract, plaintiffs cannot recover even though the proof should show an implied contract. (4 Ency. Pl. & Pr. 922.)

Interest as such is purely a creature of the statute and without such a statute or contract of the parties it cannot properly be allowed. (22 Cyc. 1475 and 1481; *Denver Horse Imp. Co. v. Shafer,* 58 Colo. 376, 147 Pac. 367; *Cobb v. Stratton's Estate,* 56 Colo. 278, Ann. Cas. 1915C, 1166, 138 Pac. 35; *Looney v. Sears,* 94 Or. 690, 186 Pac. 548; *United States Brewing Co. v. Dolese & Shepard Co.,* 282 Ill. 588, 118 N. E. 1006; *Smith v. Logan County,* 284 Ill. 163, 119 N. E. 932; *Coombes v. Knowlson,* 193 Mo. App. 554, 182 S. W. 1040; *Clyde Milling & Elevator Co. v. Buoy,* 71 Kan. 293, 80 Pac. 591; *Illinois Cent. Ry. Co. v. Southern S. & C. Co.,* 104 Tenn. 568, 78 Am. St. 933, 58 S. W. 303, 50 L. R. A. 729.)

Interest is not allowed upon claims such as that sued upon in this action until "after the same becomes due." (C. S., sec. 2551.)

Jas. S. Bogart and Harry L. Fisher, for Respondents.

"Under the provisions of our code the technicalities of pleading have been dispensed with and the plaintiff need only state his cause of action in ordinary and concise language, whether it be in *assumpsit,* trespass or ejectment, without regard to the ancient forms of pleading, and the plaintiff can be sent out of court only when upon his facts he is entitled to no relief either at law or in equity." (*Rauh v. Oliver,* 10 Ida. 4, 77 Pac. 20; *Bates v. Capital*

*State Bank,* 21 Ida. 141, 121 Pac. 561; *Carroll v. Hartford Fire Ins. Co.,* 28 Ida. 466, 154 Pac. 985.)

"Where witnesses have appeared before the trial court and testified, the findings and judgment, upon conflicting evidence, will not be disturbed if there is substantial proof to support them." (*Bowers v. Bennett,* 30 Ida. 195, 164 Pac. 93; *Panhandle Lumber Co. v. Rancour,* 24 Ida. 603, 135 Pac. 558.)

McCARTHY, J.—Paragraph 1 of respondents' complaint is as follows:

"That on the twenty-first day of August, 1917, the plaintiffs entered into a contract by and with the said Lester C. Seawell, defendant, under and in pursuance of .which said defendant in consideration of payments therein mentioned to be made by plaintiffs, said defendant sold and agreed to deliver to plaintiff certain ewe sheep and to turn over to plaintiff as part of the consideration therein stipulated, certain range or permits to range sheep in the Payette National Forest of Idaho, which range rights or permits, the said defendant represented to plaintiffs that he owned and would deliver same together with the said Ewe sheep between the first and fifteenth day of October, 1917, a copy of which contract marked Exhibit 'A' is hereto annexed and made a part hereof."

The second paragraph alleges that respondents paid the amount called for by the contract and appellant delivered the sheep, that respondents demanded of appellant that he turn over to them the range or permits contracted for. Paragraph 3 reads as follows:

"That at the time of the delivery of said sheep and the payment in full pursuant to said contract on or about October 12, 1917, defendant assured plaintiffs that said range rights or permits would be duly turned over to plaintiffs, that thereafter in the spring of 1919, defendant informed plaintiffs that he was unable to fulfil his contract and turn over to plaintiffs said range rights or permits and agreed

to reimburse and return to plaintiffs the sum of $6,000 which defendant agreed was the value of said range right or permit, that said sum of $6,000 is the reasonable value of said range right or permit; that plaintiffs demanded of defendant that said defendant pay to plaintiffs said sum of $6,000 which defendant has agreed and several times promised to pay; that notwithstanding said demands on the part of plaintiffs and the promises on the part of the defendant, said defendant has failed and refused and still fails and refuses to pay to said plaintiffs said sum of $6,000.''

The case was tried to the court without a jury. The court found:

''That on or about the twenty-first day of August, 1917, the plaintiffs and defendant entered into a written contract at Boise, Idaho, for the sale and purchase of certain ewe sheep and Forest Range rights or permits, said contract reciting sale of '7,400 Ewes, the Hunt Ewes, 5,500 to be yearlings, one's, two's, three's, and four's, and the balance to be full mouth ewes, coarse wool ewes at $16.50, fine wool ewes at $16 and Hunt to turn range to Cummins and Medlings' order.'

''The contract further acknowledged the receipt of the sum of $11,000 as part payment of the above-mentioned livestock and that the time and place of delivery was on or before October 15, 1917, at Cascade.

''2. That on or about the sixth day of October, 1917, defendant delivered to and plaintiffs accepted certain ewe sheep at Cascade, Idaho, in pursuance of the conditions of said written contract and settled with and paid the defendant in full and balance due on said contract on or about October 12, 1917, and demanded of defendant that he turn over to plaintiffs the Forest Reserve right or permit which said defendant at the time agreed to do.

''3. That said range right or permit at the time of signing the contract and at the time of the delivery of said sheep was of a reasonable value of $6,000, that said $6,000 was the agreed value of said range rights or permit between said parties and was part of the consideration paid by plain-

tiffs to defendant and included in the price of the sheep contracted and paid for by plaintiffs to defendant.

"4. That defendant on January 9, 1919, informed plaintiffs that he was unable to deliver the range right or permit called for in said written contract and agreed to reimburse and return to plaintiffs the said sum of $6,000, the value of said range right or permit.

"5. That plaintiffs several times demanded of defendant before the commencement of this action, that he turn over to plaintiffs said range rights or permit or in lieu thereof refund to or reimburse plaintiffs in the sum of $6,000, and that said defendant did promise and agree to pay to said plaintiff said sum of $6,000."

Judgment was rendered for respondents and against appellant in the sum of $6,000, with seven per cent interest from October 12, 1917, amounting to $980.

The principal point urged by appellant is that the complaint does not state a cause of action. He contends that the only cause of action set forth in the complaint is on an accord. He further contends that it does not state such a cause of action because it alleges that appellant agreed that $6,000 was the value of the range rights or permits and agreed to return to respondents the sum of $6,000, but does not allege that respondents agreed that $6,000 was the value or agreed to accept it. The latter contention is sound. Because of failure to plead that respondents agreed to accept $6,000 as the value of the range rights or permits, the complaint fails to state a valid cause of action on an accord. (3 Williston on Contracts, sec. 1838, p. 3160.) Unless the complaint states some other cause of action the judgment must be reversed.

At the beginning of the trial, in response to a motion to elect, respondents' counsel stated that they sued upon the original contract as modified. The court denied the motion saying: "The complaint seems to state a cause of action based on an oral modification of the contract."

We are not bound by the theory announced by counsel and the court at the trial of the case unless the adoption of that

theory caused the trial to take such a course that the sustaining of the judgment upon any other theory would work an injustice.

The complaint states in the first paragraph that respondents and appellants entered into a contract for the purchase and sale of certain sheep, forest range rights and permits in consideration of certain payments to be made by respondents. In paragraph 3 it alleges that appellant informed respondents that he was unable to turn over to them the range rights or permits and that $6,000 is the reasonable value of them. To this complaint no demurrer or motion was interposed. In the brief, after suggesting that the complaint sets out sufficient facts to constitute a good cause of action for money had and received, respondents definitely take the position that the cause of action is one for damages for breach of contract. Such a cause of action is not well stated in the complaint. In the first place the complaint does not directly allege that appellant did not turn over the range rights or permits. This is indirectly stated, however, in the allegation that appellant informed respondents that he was unable to turn them over. The complaint does not allege what was the reasonable value of the forest range rights and permits at the time of the alleged breach of the contract, but says that their value is $6,000 at the time of bringing suit. Appellant contends that this is fatal to the cause of action viewed as one for breach of contract.

"A pleading should be more liberally construed after judgment, especially when the point is first raised in the appellate court, than on demurrer or motion before trial." (Boggs v. Seawell, ante, p. 132, 205 Pac. 262.)

"Where a complaint is attacked after a judgment upon the ground that it does not state facts sufficient to constitute a cause of action, every reasonable intendment is indulged in favor of the sufficiency of the complaint, and all inferences of fact which may be drawn from the facts alleged must be deemed, within reasonable limits, to be alleged in order to sustain the judgment." (Newport Water Co. v.

*Kellogg,* 31 Ida. 574, 174 Pac. 602; *The Mode Ltd. v. Myers,* 30 Ida. 159, 164 Pac. 91.)

Applying this rule we conclude that the complaint contains a statement of a cause of action for breach of a contract to deliver the forest range rights and permits sufficient to support the judgment. The findings of the court are sufficient to sustain the judgment upon this theory and, while there is a conflict, the evidence is sufficient to support the findings. Sustaining the judgment on this theory does not work any injustice. Appellant contends that there is no evidence as to the reasonable value of the range rights. He testified that he told Medling, one of the respondents, that if a person got a range of that kind it was worth $6,000, and also told him that if he did not want to take the range he would knock off $6,000. This testimony itself makes out a *prima facie* case that the range was reasonably worth $6,000.

Appellant also complains because the court allowed interest from October 12, 1917, in the amount of $980, that being the date on which it found respondents demanded of appellant that he turn over the range to them. As above pointed out, the action can stand only as one for damages for breach of the original contract, the measure of damages being the reasonable value of the range rights.

"Where a claim is for unliquidated damages, the amount of which is not susceptible of ascertainment by computation or by reference to market values, interest will not be allowed prior to judgment." (*Storey & Fawcett v. Nampa etc. Irr. Dist.,* 32 Ida. 713, 187 Pac. 946; *Barrett v. Northern Pac. Ry. Co.,* 29 Ida. 139, 157 Pac. 1016; *Austin v. Brown Bros. Co.,* 30 Ida. 167, 164 Pac. 95; *Graham v. Brown Bros. Co.,* 30 Ida. 651, 168 Pac. 9.) The reasonable value of the range was not susceptible of ascertainment by computation. It does not appear from the record that it was ascertainable by reference to market values. It could be established only by evidence in court or by an accord between the parties. We conclude that it was error to allow interest before judgment.

We have examined appellant's other specifications of error and find nothing in them calling for a reversal of the judgment.

As appellant was forced to take this appeal to obtain a correction of the judgment as to the interest, he is entitled to his costs. The judgment is modified by striking out the amount of the interest allowed before judgment, or $980. As so modified, it is affirmed, with costs to appellant.

Rice, C. J., and Budge and Lee, JJ., concur.